I. L. Van Sant, appellee, v. Matthew J. Beuder, appellant.

Filed October 13, 1917. No. 20184.

1. **Landlord and Tenant: Lease: Construction.** A farm lease, "for the term of one year with the privilege of three years subject to sale," construed to authorize lessor, by means of sale and notice, to terminate the tenancy at the end of any rental year during the three-year period.

2. **Forcible Entry and Detainer: Right of Possession.** In an action of forcible detainer, the contest is limited to the naked right of possession.

APPEAL from the district court for Sarpy county: James T. Begley, Judge. *Affirmed.*

*Baker & Ready* and *W. R. Patrick,* for appellant.

*Ringer & Bednar, contra.*

Rose, J.

This is an action of forcible detainer for 54 acres of land in Sarpy county. From a judgment in favor of plaintiff, defendant appealed.

When Lelia B. Van Sant was owner of the property she leased it to Matthew J. Beuder, defendant, October 10, 1914, for the term of one year with the privilege of three years subject to sale, the first year to begin March 1, 1915, and to end March 1, 1916. Exercising the privilege thus granted, the land not having been sold during the first year of tenancy, defendant remained in possession of the premises. I. L. Van Sant, plaintiff, purchased the land from the lessor February 19, 1917. The next day plaintiff and his grantor joined in a notice to defendant that the demised premises had been sold and to vacate on or before March 1, 1917, the end of his second rental year. Defendant claimed the right to remain in possession until the end of the three-year period and refused to vacate. This action was instituted March 14,

1917.   Following the language of the contract, which is in writing, the premises were leased to defendant:

"For the term of one year with the privilege of three years subject to sale on the 1st day of March, 1915, to end on the 1st day of March, 1916, at the rental of four hundred twenty-five dollars a year to be paid as follows, to wit:   One hundred dollars cash, for which receipt is acknowledged, on the 10th day of October, 1914; one hundred twenty-five dollars, payable on the 1st day of March, 1915, and the balance, two hundred dollars, payable as follows:   One hundred dollars the first day of September, 1915; one hundred dollars on the first day of January, 1916."

Another provision of the lease follows:   "And the said renter, M. J. Beuder, hereby agrees to pay as the rent of said premises, for said term, the sum of four hundred twenty-five dollars."

A further stipulation reads:   "At the expiration, or on the termination, of this lease from any cause, said lessee will, without further notice of any kind to quit, surrender up the peaceable possession of said premises to the said lessor."

The question presented by the appeal is the meaning of the expression, "For the term of one year with the privilege of three years subject to sale," as it appears in the lease considered as a whole.   Defendant takes the position that the lessor had no right to disturb the tenancy by a sale after expiration of the first-year period, since no sale had been made during that time, and since defendant had exercised his privilege to retain the premises for two years more.   The point is stated by defendant in another form:

"It therefore seems evident that the term 'subject to sale,' if it has any meaning at all, can be construed only as a limitation upon the right of the lessee to make his election for the extension of the term from one year to three years."

The lease itself seems to have a different import.   The words, "subject to sale," limit the demise or the lease-

hold and apply to both periods of time. The lease is partly printed and partly written, the words italicized in the following paragraph being written in blanks with a pen:

. "For the term of *one year with the privilege of three years subject to sale* on the *1st* day of *March,* 1915, to end on the *1st* day of *March,* 1916, at the rental *of four hundred twenty-five dollars a year.*"

The dates apply to the printed words, "the term," and do not limit the time for exercising the right of sale. Except for the expression "subject to sale," the tenancy, without regard to the length of the term, could not be disturbed by sale. The parties evidently meant to subject the tenancy itself to the right of sale, and the exercise of that right is not limited by the lease to any particular period. The lease as a whole, however, including the provisions for paying the rental, indicates that the parties had no purpose to interfere with lessee's possession, except at the end of a rental year. This seems to be the natural and reasonable construction of the language used by the parties and is consistent with the purposes of a farm lease, where the premises are for sale. Thus construed, the terms would appear satisfactory to both parties when making and executing the contract. Lessor's wish to sell her real estate would be protected. Lessee would realize the uncertainty of his tenure and would be warned to manage his leasehold accordingly. A resort to extraneous evidence, for the purposes of interpretation, is unnecessary.

It is argued, however, that this construction would sanction a forfeiture of improvements and crops. A lessee cannot prolong his stipulated tenure merely by making improvements or by planting grain in autumn, where his contract does not so provide. Compensation for improvements and crops, where the tenancy may be terminated by a sale of the demised premises, is a proper subject of negotiation and contract. Though leases of that nature generally contain provisions for such compensation and are enforceable, no reference to that subject is found in

the lease in controversy here. Defendant's lease and tenure were "subject to sale." Under a fair interpretation of the lease, the lessor, by sale, had a right to terminate the tenancy at the end of any rental year. The land was sold during the second rental year and defendant was not notified to vacate before the end thereof. Compensation for improvements and crops was not a condition of restitution, but defendant had agreed to surrender possession upon termination of the lease from any cause. Within the meaning of the lease, the tenancy, by sale and notice, was terminated at the end of the second rental year, and the right to restitution did not depend on compensation for improvements and crops.

In an action of forcible detainer, "the contest is limited to the naked right of possession of the premises." *Dawson v. Dawson*, 17 Neb. 671. This rule was recently approved. *Knapp v. Reed*, 88 Neb. 754.

The judgment of the district court is in harmony with these views of the case.

AFFIRMED.