Chas. E. Pearson, Appellant, v. H. R. Howell et al., Appellees.

**LANDLORD AND TENANT:** Lease Subject to Sale. A typewritten clause in a lease which gives the lessee the right to an extension of the lease, and in reliance on which the lessee has made

valuable improvements prior to indicating his intention to demand the extension, may be rendered nugatory by a printed clause in the lease which provides that lessee shall surrender the premises in case of a sale by lessor.

*Appeal from Polk District Court.*—THOMAS J. GUTHRIE, Judge.

NOVEMBER 16, 1918.

SUIT in equity to enjoin defendants from molesting or interfering with plaintiff's possession of certain leased premises. Decree dismissing plaintiff's petition.—*Affirmed.*

*Sampson & Dillon,* for appellant.

*Stipp, Perry, Bannister & Starzinger,* for appellees.

STEVENS, J.—I. Plaintiff and defendant H. R. Howell, on or about July 1, 1917, entered into a written lease, by the terms of which the former leased a certain three-story brick building, known as the "Elite Theatre," in the city of Des Moines. A printed form of lease was used by the parties, but it concluded with the following typewritten provision:

"The lessor hereby agrees to extend this lease for four years from July 1st, 1918, if the lessee so desires, provided that the lessee notifies the lessor on or before May 1st, 1918, of his desire to have the lease so extended."

The lease also contained the following printed paragraph:

"That the lessor, his agents or workmen, may enter the premises to inspect the same, make repairs, or improvements, or to show the property to persons desirous of leasing or purchasing, and in event of sale, or if possession is required, for the purpose of removing the building or buildings or materially altering or improving them, the lessee agrees to vacate and that this lease shall then terminate on receiving thirty days' written notice to quit."

Plaintiff entered into possession of the building, made numerous repairs thereon, expended considerable sums of money in the payment of license fees, and expense of advertising, and conducted a moving picture show for about six months, when he made arrangements with defendants Ed Gavin and Ira Phillips to conduct the theatre for him. On February 15, 1918, Howell wrote plaintiff a letter, advising him that he had an opportunity to sell the building, and offered to sell the same to plaintiff upon easy terms, and requested information at once whether he desired to purchase the same. Plaintiff promptly wrote the defendant that he did not want to purchase, but that he desired an extension of the lease for four years from July 1, 1918, according to the typewritten provision quoted above. On February 27th, defendant again wrote plaintiff, telling him that he had sold the property, called his attention to the provision of the lease requiring the vacation thereof and the surrender of the lease upon 30 days' notice, and notified him that he elected to declare the lease terminated, and demanded possession at the end of 30 days. Before the expiration of 30 days, plaintiff brought this suit, to restrain defendants from molesting him or interfering with his occupancy and use of the building.

Appellant contends that the typewritten provision is inconsistent with the paragraph of the lease reserving the right to sell the premises and terminate the lease, and definitely fixes the term thereof; and that it was the understanding and intention of the parties that the printed clause should be disregarded. To be inconsistent, different provisions of the lease must, directly or impliedly, relate to the same thing. If effect is given to the printed clause, it must be construed as reserving to the defendant the right to sell the building and terminate the lease upon 30 days' notice. If, however, the typewritten clause is construed as fixing a certain and definite term for one year, to

be extended for four years at the option of plaintiff, thereby actually or impliedly destroying the effect of the reserved right to sell, then plaintiff's contention is right, and defendants should be permanently enjoined from interfering with or molesting him in the occupancy and use of the building. The two clauses in the lease are not, however, inconsistent.

The parties might well have agreed upon a definite term, subject, however, to the reserved right of the lessor to terminate the lease in case of sale. The effect of exercising such right would be, of course, to shorten the term; but it is a familiar rule of construction that, if distinct parts of a contract, one printed and the other written, can be reconciled, it is the duty of the court to do so. *Starkweather v. Emerson Mfg. Co.*, 132 Iowa 266, 267. Each separate provision of the contract must be given effect, if possible. Unaided by extrinsic evidence, the court would be required to construe the typewritten provision as fixing a definite term, subject, however, to be defeated by the other provision of the lease. The two provisions are not necessarily inconsistent, and, therefore, the former does not necessarily control the latter. The original lease was forwarded to plaintiff, and appears to have been carefully read by him before it was executed. Numerous of the printed provisions of the lease were called to defendant's attention by plaintiff, but the one complained of was not altered. Plaintiff admits that he knew this provision was in the lease.

Counsel for appellant contends that, as the lessor prepared the contract, in construing the same, if ambiguous, doubts must be resolved against him. The trouble with this contention is that the lease is wholly free from ambiguity. The two provisions in question are clear and unequivocal, and, construed separately, are not of doubtful meaning or import.

The Supreme Court of Nebraska, in *Van Sant v. Beuder*, 101 Neb. 680 (164 N. W. 711), cited by counsel for appel-

lant, construed the following provision of a lease, "for the term of one year, with the privilege of three years, subject to sale on the 1st day of March, 1915, to end on the 1st day of March, 1916," as giving the lessee the right of possession until the end of a rental year; and the Supreme Court of Texas, in *Phelps v. Johnson,* (Tex.) 181 S. W. 862 (also cited by appellant), where the provision of the lease was, "it is, however, further agreed by all parties hereto that, should the parties of the first part make a sale of the land herein leased, then and in that event this lease is to immediately become void," held that, while the lease ended immediately upon the sale of the premises, the tenant might continue in possession of the property, which was farm land, until the end of the year. In the case at bar, however, plaintiff agreed that the lease might be terminated in case of sale, by lessor's giving the lessee 30 days' notice thereof. There is nothing in the language used, to indicate that possession was to be continued beyond 30 days after notice of sale; and we cannot read something into the contract not placed there by the parties. They selected the terms of their contract, and appear to have voluntarily agreed thereto. The two clauses are not necessarily inconsistent; and, when construed together, both may and should be given effect.

Plaintiff claims that, a few days after he took possession of the building, he was notified by the city authorities that the electric wiring was defective and would have to be repaired; that he was required to expend large sums in rewiring the building, repairing the plumbing, plastering living rooms, and making other necessary improvements; and that, in all, he incurred an expense in excess of $5,000; that, upon several different occasions, defendant refused to repair the building, but stated to plaintiff that he was leasing the same at a low rental, and, as he had a five-year lease, he could easily make it back. This is denied by de-

fendant. Plaintiff, however, insists that he was induced to make the improvements and expend large sums of money in reliance upon the provision of the lease that he could have the premises for a term of five years, and that he relied upon repeated statements and declarations of defendant's that he was to have the building for that period.

The sale of the premises and termination of the lease impose a severe hardship upon plaintiff. At the time he signed the lease, he may have deemed a sale of the property improbable, and felt secure, notwithstanding the provision of the lease reserving the right of sale, and, relying thereon, incurred large expense in the improvement of the building; but the court is powerless to relieve against the plain, unambiguous provisions of the contract. Plaintiff admits that he knew of the objectionable provision, and he should not have relied upon the alleged statement of defendant that the same was not applicable to the property in question. It was as applicable to this as to other property. Written contracts cannot be altered or varied by parol evidence. Whether defendant was guilty of unfair conduct, or fraudulently induced plaintiff to expend larger sums of money upon the building than he would, had he not understood that the reserved right to sell the building and terminate the lease would not be enforced, are, of course, questions of fact; but defendant denies that he at any time encouraged plaintiff to believe that he did not intend to insist upon the strict terms of the contract, and the trial court, who heard the evidence and saw the witnesses, dismissed plaintiff's petition. Notwithstanding the fact that the case is triable *de novo* in this court, we have repeatedly said that consideration will be given to the finding of the trial court, and we are not persuaded that it was mistaken.

II. Plaintiff also maintains that the pretended sale of the building to Gavin is not bona fide, but for the purpose of terminating plaintiff's lease and ousting him of posses-

sion of the premises. The evidence fails to sustain this con-. tention. The defendant testified that he sold the building to Gavin for a consideration of $25,000, upon easy terms; but this does not alone establish fraud. Emphasis is given by counsel to the fact that, prior to the transaction by which defendant claimed to have sold the premises to Gavin, he was not acquainted with him, and made no investigation as to his character or financial standing. The argument is legitimate, but not persuasive. The court would not be justified, upon the record, in holding that the transaction was not in good faith. We are not convinced that the lower court should have found for plaintiff, and its decree is— *Affirmed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.