## Julius Lurie, Appellee, v. Rock Falls Manufacturing Company, Appellant.

### Gen. No. 7,479.

1. SALES—*time of performance of sales contract of manufactured article.* Where a manufacturer was given forty-five days or as soon thereafter as convenient, from the approval of the contract in question, to deliver the article contracted for, such terms meant that the manufacturer had to fulfill the contract within forty-five days, or within a reasonable time thereafter, or without unreasonable delay, or with due diligence.

2. SALES—*reasonableness of time of performance as jury question.* Where the question of reasonableness of time for doing the work and delivering the goods in an action to recover money forwarded with an order was involved, it was for the jury to say whether the work was done within the forty-five days, or as soon thereafter as convenient, fixed by the contract.

3. INSTRUCTIONS—*necessity of correct instructions as to construction of sales contract.* It is of the utmost importance that the instructions be correct on the rights of the parties to a sales contract of articles to be manufactured by the seller and delivered within

a specified time or as soon thereafter as convenient where one of the principal issues for the jury is the reasonableness of the time of performance under the evidence.

4. CONTRACTS—*when instruction as to construction of written and printed portions of contract inapplicable.* An instruction was erroneous which told the jury that where typewritten and printed terms in a printed contract conflict, the typewritten part will govern and prevail over the printed, in the absence of evidence to the contrary, where there was no inconsistency nor conflict with reference to the only part of the contract to which such instruction could have applied.

5. CONTRACTS—*construction of written and printed provisions.* Neither the printed nor the written portions of a contract can be disregarded unless there is a conflict between the two, in which case the written portion will prevail.

6. SALES—*propriety of instruction as to timeliness of performance by seller.* An instruction was erroneous which told the jury that if they believed that prior to the time plaintiff brought suit defendant had a reasonable time to comply with the contract in question, but failed to do so, and had not delivered nor offered to deliver the articles mentioned in the contract, they should find for the defendant, as such instruction omitted all reference to the cancellation of the contract by the defendant.

7. CONTRACTS—*repudiation by one party as excusing performance by other party.* Repudiation of a contract by one party before the time of performance relieves the other party from performance.

8. CONTRACTS—*cashing check for purchase price as acceptance of contract by seller.* The mere cashing of a check for part of the purchase price accompanying an order did not constitute an acceptance or approval of the contract in question, where the contract called for the payment of the amount thereof in cash, and therefore an instruction based upon a contrary assumption was misleading and prejudicial.

9. CONTRACTS—*when instruction as to acceptance of order taken by agent erroneous.* An instruction telling the jury that if they believed that a certain named person was the defendant's agent and had authority to make the contract in question, then it was unnecessary for defendant to make formal acceptance, was erroneous where the contract provided in express terms that it should not be binding until accepted, and that all verbal agreements with the agent were contained in the order.

Appeal by defendant from the City Court of Sterling; the Hon. I. L. WEAVER, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded. Opinion filed June 1, 1925.

CARL E. SHELDON, for appellant.

J. J. LUDENS, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellee, Julius Lurie, began suit in the city court of the City of Sterling against appellant, Rock Falls Manufacturing Company, a corporation, to recover $500 which was an advanced payment on a contract for the purchase of two hearses. There was a trial by jury, a verdict and judgment against appellant for $500 and this appeal was prosecuted.

Appellee lives in New York City, and appellant was doing business in Sterling, Illinois. On September 18, 1922, appellee signed an order with a salesman of appellant for two hearses at a cost of $9,000. Five hundred dollars was to be paid in cash; $2,500 was to be paid upon delivery; appellant was to take two used limousines at $1,000 each, and the balance was to be evidenced by eighteen equal notes due in equal monthly payments. The order provided that "the failure of purchaser to take car upon arrival at destination, or failure to accept delivery and make settlement upon terms of contract within ten days after notice that vehicle is ready for delivery, will be sufficient cause for the company to retain as damages the initial payment and retain the vehicle. It is agreed title shall remain in R. F. Mfg. Co. until vehicle is fully paid for. Upon default of the purchaser to perform any of the terms of this agreement, the company may declare the whole amount agreed to be paid, due and payable, or may take possession of the vehicle, whereupon the purchaser shall forfeit all rights. Delivery to be made forty-five days, 1922, or as soon thereafter as convenient. All orders are accepted and subject to delays occasioned by accident, strikes, fires, sickness, or causes beyond our control, and no damages for delay in delivery will be allowed. This contract cannot be cancelled, and all verbal agreements with agents are contained in this order, and the purchaser

accepts receipt of an exact carbon duplicate of this order. Signed—J. Lurie. Signed—Rock Falls Manufacturing Company, by M. J. Coolahan, But subject to their approval.''

This order was received by appellant on September 21, 1922. The cash payment provided for in the order was made by a check delivered to appellant's agent who secured the order. The check was received and cashed by appellant who immediately began an investigation of appellee's financial standing. On October 20, 1922, the contract was approved by appellant and the construction of the vehicles began. Appellant claims that the bodies of the hearses were practically completed when a letter dated November 27, 1922, written by appellee, reached appellant on December 1, 1922, which said: ''I am forced to cancel the order on the ground of not delivering as agreement.'' Appellant stopped work, never shipped either vehicle, and this suit was commenced to recover the $500 paid at the time the order was given.

It is the contention of appellant that this order did not become a contract until the date of its approval by appellant, on October 20, 1922; that up to the time it was approved, it was an order which the company could reject, and that as soon as it was approved appellant began the work and prosecuted it as rapidly as possible until it was canceled by appellee. Appellee insists that a letter written by appellant on September 21, 1922, shows that appellant received the order and approved it; that if appellant desired to investigate the financial standing of appellee it should have held the check, not cashed it, and notified appellee; that the order shows that the parties contemplated the delivery within forty-five days, and it was the duty of appellant to fulfill the order within that time; that sixty-five days elapsed before the contract was canceled, no demand was made to comply with the contract, it never was complied with, and for that reason appellant is not entitled to recover.

The order, by its terms, was subject to the approval of appellee. It did not become a valid and binding contract until it was approved. If it had never been approved, it certainly could not be successfully contended that appellee would have acquired any rights under it which he could have enforced. Appellant had a reasonable time after the order was received in which to investigate appellee's financial standing in order to determine whether to accept or reject the order. After it was accepted it became a binding contract and related back to the date of the execution of the order. The mere fact that appellant caused the check to be cashed did not constitute an acceptance or approval. The $500 was payable in cash. In order to get the cash appellant had to present the check for payment. Appellant had forty-five days, or as soon thereafter as convenient, in which to fulfill the contract. These terms mean that appellant had to fulfill the contract within forty-five days, or within a reasonable time thereafter, or without unreasonable delay, or with due diligence. *Scammon v. Germania Ins. Co.*, 101 Ill. 621.

On behalf of appellant the evidence shows that the work was started as soon as the order was approved, and that the bodies were practically completed when the letter of November 27, 1922, from appellee canceling the order was received; that it was not convenient to furnish these vehicles prior to that date on account of the shortage in materials, and the large amount of work on hand at that time; that appellant was putting the work through the shop as fast as it could; that it took experienced and expert workmen to do the work; that when the letter of November 27 was received appellant stopped work, which was practically completed, and that the same is a total loss.

The appellant had the right to have the question of the reasonableness of time in which the work was performed submitted to the jury as a question of fact, and it was for the jury to say whether the work was

performed within the forty-five days or as soon thereafter as convenient. In this condition of the evidence it was of the utmost importance that the jury be correctly instructed as to the rights of the parties so they could properly determine the issues presented. On behalf of appellee the first instruction told the jury that "where typewritten and printed terms in a contract conflict, that in the absence of any evidence to the contrary, the typewritten part will govern and prevail over the part that is printed." This order was on a printed form and part of the blanks were filled in in writing. The only part to which this instruction could apply is the part with reference to delivery being made in forty-five days or as soon thereafter as convenient. The law is that effect must be given if possible to all of the terms of a contract, and this applies to instruments partly written and partly printed. Neither the printed portion nor the written portion shall be disregarded unless there is a conflict between the two in which case the written portion will prevail. *City of Chicago v. Weir*, 165 Ill. 582; *Soucy v. Obert Brewing Co.*, 180 Ill. App. 69; *Morris & Co. v. Rhode Island Ins. Co.*, 181 Ill. App. 500. There is no inconsistency nor conflict in the terms of the contract with reference to delay. The provision means that the contract shall be performed and delivery shall be made within forty-five days or as soon thereafter as convenient. This instruction should not have been given.

The second instruction given on behalf of appellee told the jury that if they believed from the evidence that, prior to the time that plaintiff brought suit, the defendant had a reasonable time to comply with this contract, but failed to do so, and has not delivered, or offered to deliver, the vehicles mentioned in this contract, then they should find the issues in favor of the plaintiff. This instruction omits all reference to the cancellation of the contract. The repudiation of a contract before the time of performance relieves the

other party from performance. *Lake Shore & M. S. Ry. Co. v. Richards*, 152 Ill. 59; *Fox v. Kitton*, 19 Ill. 519; *Chicago Title & Trust Co. v. Sagola Lumber Co.*, 148 Ill. App. 333. It was not the duty of appellant to complete the vehicles and deliver them to appellee if the contract had been canceled before the time specified therein, and the jury should have been correctly instructed on this point.

The third instruction on behalf of appellee told the jury that a contract may be accepted by the act of the parties showing that it is accepted, and if they believe from the evidence that the defendant accepted the check and received the money of the plaintiff, with the knowledge of the contract, "it is for you to say and believe whether or not the contract was accepted by the defendant." The contract expressly provided that $500 in cash should accompany the order, but it also provided that the contract should not become binding until it had been approved by appellant. The mere fact that a check accompanied the order did not prevent appellant from cashing the check without thereby approving the contract. By cashing the check they simply received the cash provided in the order and the cashing of the check did not accept the order. This instruction was misleading and prejudicial.

The fourth instruction on behalf of appellee told the jury that if they believed from the evidence that Coolahan was the agent of the defendant and had authority to make the contract in question, then it was unnecessary for the defendant to make any formal acceptance of the contract. There is no evidence on which to base such an instruction. It is in direct conflict with the express terms of the contract which provide that it shall not be binding until accepted and the further provision that all verbal agreements with the agent are contained in the order. It in effect tells the jury that they have the right to disregard the terms of the written contract and to act as they see fit in utter disregard thereof.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*