## Peter Papulias, Appellant, v. Carl Wirtz, Appellee.
## Gen. No. 44,083.

Opinion filed May 19, 1947. Released for publication June 3, 1947.

MAX C. LISS, of Chicago, for appellant.

MEYER W. ROSIN and HARRY A. BIOSSAT, both of Chicago, for appellees.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from an adverse judgment in his forcible detainer action to recover possession of premises in which defendant conducted a tavern and liquor store.

The only question presented on the appeal is the right of plaintiff to terminate the tenancy on 60 days' notice. The lease was for a period of three

years, "unless sooner terminated as hereinafter provided." Paragraph 28 of the printed portion of the lease provided that "lessor shall have the privilege to cancel this lease and any renewal or extension hereof and any holdover hereunder, at any time during the term, thereby created, by giving to said lessee, in any of the methods hereinabove described, a sixty days' notice to quit, . . . and that at the expiration of said sixty days the term hereby or thereby created is to cease and be determined." Attached to the lease was a typewritten rider of three clauses. The only one material on the appeal is the second, which provided: "The Lessee may extend the term of this lease for an additional three years, at a rental of $250 per month, by giving to the Lessor a ninety day prior written notice of his intention so to do." Before the expiration of the original term plaintiff gave a 60 days' notice of the termination of the lease. The sufficiency of this notice is not questioned. Defendant's position is that the provision for the extension of the lease is in conflict with and abrogates the provisions for cancellation of the lease. In construing a written contract effect must be given to each word and term of the contract, rejecting none as meaningless, repugnant or surplusage (*Rhomberg v. Texas Co.*, 379 Ill. 430, 435), and as stated in *Lurie v. Rock Falls Mfg. Co.*, 237 Ill. App. 334, 339, cited by both parties, "The law is that effect must be given if possible to all of the terms of a contract, and this applies to instruments partly written and partly printed. Neither the printed portion nor the written portion shall be disregarded unless there is a conflict between the two in which case the written portion will prevail."

There is no conflict between the written and printed portions of the lease before us. The original term of three years was subject to termination on the giving of 60 days' notice. The extension of the lease, if defendant had exercised his option, would likewise

have been subject to termination. *LaSalle Theater v. Taft,* 156 Ill. App. 356, 362. *Pearson v. Howell,* 184 Iowa 990, 169 N. W. 368, is directly in point and supports the views expressed herein.

The judgment is reversed and the cause remanded with directions to enter a judgment for plaintiff.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and FEINBERG, J., concur.