C. G. WALLACE ET AL., APPELLANTS, v. INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION, ET AL., APPELLEES.
75 N. W. 2d 549

Filed March 16, 1956. No. 33858.

*Bruckman & Brock,* for appellants.

*Pilcher, Haney & Howard,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action at law by C. G. Wallace and Idilla Jeffery Wallace, plaintiffs and appellants, against Insurance Company of North America, a corporation, and Scottish Union and National Insurance Company, a corporation, defendants and appellees, to recover damages to a building belonging to the plaintiffs for which they claim the defendants are liable under three insurance policies issued to them by the defendants.

A jury was waived and the case was tried by the court. At the conclusion of the trial the court found generally in favor of the defendants and a judgment dismissing plaintiffs' action was rendered. Thereafter a motion for new trial was filed. The motion was overruled. From the judgment and the order overruling the motion for new trial the plaintiffs have appealed. As grounds for reversal the plaintiffs have set forth in their brief numerous assignments of error. Attention will be directed to these or such of them as require consideration later herein.

The pertinent facts as shown are that the plaintiffs are the owners of a certain building and an annex thereto in Hastings, Nebraska. The concern here is only with one side of the annex. On the west side of the annex is a wall about 13 inches in thickness. The height of this wall has not been disclosed. During the period covered by this controversy it appears that the area back of the wall was used for the handling of bakery goods

received by truck from Omaha, Nebraska. There are three doors in the wall. The doors are in dimension 8 x 10 feet. The bottoms of the doors are about 4 feet from the ground. A witness said that the bottoms of the doors are about 4 feet from the floor but it is obvious from exhibits and other testimony that he meant to say from the ground. The sill is about 6 inches thick. The width of the sill is about 18 inches. During a period beginning as early as 1950 and extending to about June 1953, bakery goods were delivered by Watson Bros. Transportation Co. by truck to Hastings, Nebraska. The trucks were each composed of a semi-trailer and a tractor. Deliveries were made five times each week. Delivery was made by backing the truck to the middle one of the three doors. The tractor would then be detached and removed. After unloading, usually several hours later, another tractor would be backed into the emptied semi-trailer, coupled onto it, and it would be moved away.

By their petition the plaintiffs alleged that at some time between April 17 and 27, 1953, in the operation of its trucks Watson Bros. Transportation Co. carelessly and negligently backed its trucks against the wall of the annex with such force as to shove the wall inward about 5 inches and that in consequence of which it was damaged to the extent of $1,960.

They further alleged that they were protected against the damage by the three insurance policies.

We are called upon here to determine only the question of whether or not the evidence was sufficient to sustain a finding and judgment that there was damage as charged at some time between April 17 and 27, 1953. There is no contention here that the defendants would not be required by the insurance policies to respond in the event that damage as alleged was proved. In the brief of plaintiffs the following appears: "Is the damage and loss to the building involved covered by the provisions of the insurance policy—is the only question

presented by the record, the transcript, and bill of exceptions, therefore, in the consideration of this case, and in deciding this question, it is only necessary to apply the law to the undisputed facts."

The defendants by stipulation appearing in the bill of exceptions admit that the insurance policies were in full force and effect. In their brief they state that the question for determination is as follows: "The only question involved on appeal, as we view it, is whether the decision and judgment of the trial court is supported by the evidence."

Notwithstanding, therefore, the numerous assignments of error, the only question to be considered is that of whether or not the decision is supported by the evidence, or, as applied to this case, was the court, on the evidence, justified in finding in favor of the defendants?

As has been pointed out this is an action at law and on the trial a jury was waived. In such a case the well-established rule for the consideration of evidence is as follows: "Findings of court in a law action in which a jury is waived have the effect of a verdict of a jury and will not be disturbed unless clearly wrong." Foltz v. Brakhage, 151 Neb. 216, 36 N. W. 2d 768. See, also, Cotner College v. Estate of Hester, 155 Neb. 279, 51 N. W. 2d 612; Scottsbluff Nat. Bank v. Blue J Feeds, Inc., 156 Neb. 65, 54 N. W. 2d 392; Grant v. Williams, 158 Neb. 107, 62 N. W. 2d 532.

Also in an action at law where a jury has been waived it is not the province of this court to resolve conflicts or to weigh evidence. If there is a conflict in the evidence this court in reviewing the judgment rendered will presume that controverted facts were decided by the trial court in favor of the successful party and the findings will not be disturbed unless clearly wrong. See Grant v. Williams, *supra*.

In the examination of the record on appeal for the purpose of ascertaining whether or not a finding of

fact and a judgment thereon may be sustained a subject for consideration is that of whether or not the evidence adduced responds to the issues made by the pleadings. See, Bauer v. Wood, 144 Neb. 14, 12 N. W. 2d 118; National Fire Ins. Co. v. Evertson, 153 Neb. 854, 46 N. W. 2d 489; Benson v. Walker, 157 Neb. 436, 59 N. W. 2d 739.

In order to make a determination upon the issue presented it becomes necessary to examine the record in the light of these rules.

Testimony to sustain the action of plaintiffs was given by C. G. Wallace, one of the plaintiffs. He testified substantially that on the 27th or 28th of April 1953, he was on an inspection trip of the building in question and while on this trip he observed the operation of a tractor in which an attempt was made to hook on to a semitrailer which was standing at the location where deliveries of bakery goods were made; that on the first effort the connection was not successful but that on the second or third attempt it was; that in the backward movements to make the connection there was a jam so hard that it attracted his attention; and that he then made an examination which disclosed that the south wall was cracked on the south side, the center of the center door was cracked, the north door with the cement base was cracked, the wall was pushed in near the center about 5 inches which pulled the wall from the main building, the wall above the lintels of the center door was cracked, toward the south end of the west wall the wall was cracked from the south wall down to the lintel, that at the center of the west wall there was a crack from the lintel up to the cap of the wall at the top above the roof, that the wall below the cement lintel of the door was pushed in, and the door was pushed in about 5 inches.

There was other evidence that the condition described by this witness existed after the dates mentioned and none that it did not. There was competent

evidence that the reasonable cost of repair would be $1,960.

C. G. Wallace and no other witness testified that the condition described resulted from the operation which Wallace observed on April 27 or 28, 1953, and which attracted his attention. Furthermore there is no evidence of any particular incident at or about that time or at any time more remote which produced the condition.

It appears that the plaintiffs present two theories. One is that the condition described came about wholly by what occurred on April 27 or 28, 1953. The other is that the condition came about by a series of incidents the last of which occurred on April 27 or 28, 1953.

The substantial contention is that if it came about under the second theory the entire damage would be recoverable in this action since a part of it was embraced within the pleaded cause of action.

In the light of observation appearing later herein we do not deem it necessary to say whether or not this second theory is basically and legally sound. Assuming, but not deciding, that it is sound the determination upon the issue presented is dependent upon the evidence. The determination on the basis of the first theory is likewise dependent upon the evidence.

As pointed out there was no direct evidence as to when or how the condition complained of was produced. C. G. Wallace testified that he had not observed the damaged condition before the date of the incident described. Glenn Wallace testified that over a considerable period of time he had made numerous general inspections and observations of the building and had never discovered the damage.

Carl Hempel, a building contractor, was called as a witness for plaintiffs and testified as to the condition of the building. He examined it with a view as to the cost of repair. He was asked for his opinion as to when the damage occurred. On direct examination he said: "Well, I couldn't say when it happened." On cross-

examination he said: "I couldn't say. It could be once or a dozen of times, but it looked to me like one crack couldn't do that damage that way." He explained that by "crack" he meant backing a truck into the building or coupling a tractor to a standing semi-trailer. There was other testimony elicited from this witness of like character but a review of it would serve no useful purpose.

This we think is a fair summary of the pertinent evidence adduced in support of the theories of plaintiffs.

In the light of the principles of law hereinbefore set forth, in order to determine that the trial court erred in finding and rendering judgment in favor of the defendants it would be necessary to say that the evidence without controversy discloses that the incident described by C. G. Wallace as having occurred on April 27 or 28, 1953, caused the damage, or some part of it, of which complaint is made in this action. This would have to be true under either of the two theories since there is no evidence of any other incident. This we are unable to do.

Assuming that from the evidence a reasonable inference may be drawn that damage flowed from the incident it must be said that a reasonable inference may also be drawn that it did not. This is particularly true in the light of the testimony of the witness Hempel.

In this light the defendants are entitled to the benefit of the rule that in an action at law where a jury is waived this court in reviewing the judgment rendered will presume that controverted facts were decided by the trial court in favor of the successful party and the findings will not be disturbed unless they are clearly wrong.

In this case we are unable to say that the findings were clearly wrong. The judgment is therefore affirmed.

AFFIRMED.