ROSE S. FRANKEL, DOING BUSINESS AS HARRY A. FRANKEL COMPANY, APPELLANT, V. NATHAN PITLOR ET AL., APPELLEES.

88 N. W. 2d 770

Filed March 14, 1958. No. 34298.

*Edward Shafton* and *Smith & Smith,* for appellant.

*Irvin C. Levin* and *Jerry M. Gitnick,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

In this action plaintiff seeks to recover a judgment on a contract for a real estate commission. Defendants alleged that plaintiff failed to find a purchaser who unconditionally accepted the offer to sell, contained in the listing agreement. A jury was waived. The trial court found for the defendants, and plaintiff appealed.

On August 12, 1955, the defendants entered into a listing agreement with the plaintiff, a licensed real estate broker in the city of Omaha. The agreement provided in substance that plaintiff was authorized exclusively to sell the property described therein for the sum of $35,000. For her services the agreement provided that defendants would pay a 5 percent commission. As a part of the listing agreement it was agreed that "the buyer will lease the above property to you for at least one year, from the date of sale for the rental of Two hundred & twenty-five ($225.00) per month."

On September 8, 1955, plaintiff procured a purchaser of the property for the agreed price of $35,000. The purchase agreement tendered to the defendants contained the following provision: "Upon transfer of title, it is specifically understood that purchaser will lease the above premises to the seller for a period of one year from date of closing at the rate of Two Hundred Twenty-five ($225.00) Dollars per month, payable monthly in advance. Lease to be written on accepted forms used by the Omaha Real Estate Board."

The defendants refused to sign the purchase agreement because of provisions in the accepted form of lease used by the Omaha Real Estate Board, which they asserted were contrary to the listing agreement. A copy of the real estate board lease was received in evidence. The parts to which objection was made were those providing for the termination of the lease at the end of any calendar month on 6 months' notice, the part dealing with maintenance and repair by the lessee, and the part providing for a lien upon the personal property of the lessee for any amount owing the lessor under the terms of the lease. The purchaser refused to remove the provision requiring that the lease be on the form used by the real estate board. Defendants refused to sign the purchase agreement. Plaintiff now contends that the purchase agreement was in compliance with the listing agreement, that she has fulfilled the agreement on her part, and that she is entitled to the real estate commission from the defendants.

This being a law action in which a jury was waived, the findings of the court have the effect of a verdict of a jury and will not be disturbed unless clearly wrong. In such a case it is not within the province of this court to resolve conflicts or to weigh evidence. If there is conflict in the evidence, this court in reviewing the judgment rendered will presume that controverted facts were decided by the trial court in favor of the successful party. We necessarily conclude that the conflicts in

the oral testimony offered at the trial must be resolved in favor of the defendants. Ord v. Benson, 163 Neb. 367, 79 N. W. 2d 713; Wallace v. Insurance Co. of North America, 162 Neb. 172, 75 N. W. 2d 549.

It is contended by the plaintiff that as the provision in the purchase agreement providing for the lease of the property to the defendants for 1 year was typed into the purchase agreement and the termination clause of the proposed lease appears in printed form, the former prevails over the latter. The rule that the typed portion is controlling over the printed part applies where ambiguity or inconsistency exists. The two provisions here in question are neither ambiguous nor inconsistent. In Pearson v. Howell, 184 Iowa 990, 169 N. W. 368, the court in discussing similar provisions in a lease said: "Appellant contends that the typewritten provision is inconsistent with the paragraph of the lease reserving the right to sell the premises and terminate the lease, and definitely fixes the term thereof; and that it was the understanding and intention of the parties that the printed clause should be disregarded. To be inconsistent, different provisions of the lease must, directly or impliedly, relate to the same thing. If effect is given to the printed clause, it must be construed as reserving to the defendant the right to sell the building and terminate the lease upon 30 days' notice. If, however, the typewritten clause is construed as fixing a certain and definite term for one year, to be extended for four years at the option of plaintiff, thereby actually or impliedly destroying the effect of the reserved right to sell, then plaintiff's contention is right, and defendants should be permanently enjoined from interfering with or molesting him in the occupancy and use of the building. The two clauses in the lease are not, however, inconsistent. * * * Each separate provision of the contract must be given effect, if possible. Unaided by extrinsic evidence, the court would be required to construe the typewritten provision as fixing a definite term,

subject, however, to be defeated by the other provision of the lease. The two provisions are not necessarily inconsistent, and, therefore, the former does not necessarily control the latter." See, also, Papulias v. Wirtz, 331 Ill. App. 376, 73 N. E. 2d 122.

The defendant Nathan Pitlor was engaged in the plumbing business. His place of business was located on the property described in the listing agreement. He made it clear that he had to have possession for at least a year after a sale of the real estate in order to dispose of the business. It was so stipulated in the listing agreement. He refused to sign a purchase agreement providing for a lease back to him which was subject to termination on 6 months' notice. Since the purchase agreement provided for a lease that could be terminated at the end of any calendar month after 6 months' notice, he could properly assert that the purchase agreement was not an unconditional acceptance of his offer to sell, as set forth in the listing agreement. If defendants had signed the purchase agreement tendered to them, the termination provision in the lease could have been enforced against them. Van Sant v. Beuder, 101 Neb. 680, 164 N. W. 711.

The acceptance of an offer must be an unconditional acceptance of the offer made, otherwise there is no contract. There must be no substantial variation between the offer and the acceptance. If the acceptance differs from the offer or is coupled with any condition that varies or adds to the offer in any material respect, it is not an acceptance, but is a counterproposition. The case of Griggs v. Oak, 164 Neb. 296, 82 N. W. 2d 410, and the authorities cited therein, conclusively establish this to be the law of this state. Since the proposed purchaser did not unconditionally accept defendants' offer to sell, as contained in the listing agreement, defendants could properly reject it as an unacceptable counteroffer.

It is contended by the plaintiff that the provision in

the listing agreement to the effect that the property was to be leased to the defendants for at least 1 year at a rental of $225 a month implies a lease usually and customarily used in leasing business properties in the city of Omaha. Plaintiff contended that a lease to be written on accepted forms used by the Omaha Real Estate Board is such a lease and that the insertion of the condition in the purchase agreement is therefore in conformity with the listing agreement.

The plaintiff testified that the real estate board lease is the regular business property lease used by that board. She said she uses only this form of lease but that she had seen other forms and that there are distinctions between them. She further testified that the real estate board lease was the only one in use in Omaha that had a termination clause in it. She also gave an affirmative answer to the following question: "And is that a form that is in standard and ordinary use in Omaha in leasing of business properties?"

The foregoing evidence is not sufficient to establish such a general usage of the Omaha Real Estate Board lease that it can be said to be a part of the listing agreement. The element of knowledge is particularly applicable to usages alleged to create or affect contractual obligations. To be thus available the usage must be so well established, notorious, general, or universal in its application, as reasonably to induce the belief of a party's knowledge of it and to raise the presumption that he dealt with reference to it, or he must be shown to have had actual knowledge of the usage if nothing is said to the contrary. To be regarded as part of a contract, a usage must be actually or constructively known and must be consistent with the contract. The requirement of knowledge is especially important in situations where reliance is placed on the existence of usages which are local in character. A usage which is local is binding only upon persons who have knowledge of it, or which reasonably should be known to the parties.

Andrews v. Dehner, 147 Neb. 641, 24 N. W. 2d 649; Peterson v. State Automobile Ins. Assn., 160 Neb. 420, 70 N. W. 2d 489; O'Gara Coal Co. v. Chicago, M. & St. P. Ry. Co., 114 Neb. 584, 208 N. W. 742; Shambaugh v. City Bank of Elm Creek, 118 Neb. 817, 226 N. W. 460, 65 A. L. R. 804.

In the case at bar the plaintiff was a licensed real estate broker. The defendant Nathan Pitlor was engaged in the plumbing business. A usage commonly accepted by real estate brokers might have no application at all to persons in other lines of endeavor. There is no evidence in this record that the usage testified to by the plaintiff was known to the defendants, or that it was of such a character that they could be presumed to have had it in mind and intended it to be a part of the listing agreement. The common usage under consideration was a local one. It is sought to be applied to parties not in the same trade or business. It clearly is not one which a person engaged in the plumbing business could be expected to know about in the absence of evidence from which it could reasonably be inferred that he knew or ought to have known of such usage.

We conclude that the purchase agreement tendered to the defendants was not an unconditional acceptance of defendants' offer to sell as contained in the listing agreement. Having come to this conclusion on the basis of one material variance between the listing agreement and the purchase agreement, it is not necessary to discuss other alleged variances. Since the plaintiff did not find a buyer who was willing to unconditionally accept defendants' offer, she has not fulfilled the agreement on her part. In the absence of performance by plaintiff in accordance with the terms of the listing agreement, she has no cause of action for the real estate commission. The trial court having entered a judgment in conformity with these holdings, the judgment is affirmed.

AFFIRMED.