MARTIN O. WALKER, impleaded with James Moore, Appellant, *v.* GRANVILLE KIMBALL, Appellee.

22 537
32a 363

APPEAL FROM COOK.

THE SAME, Appellant, *v.* THE SAME, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Where a note is given, payable within three years from date, with interest annually, at ten per cent., the payee may sue for and recover the interest, at the expiration of each year.

THE first of the above cases was assumpsit, upon an agreement for the purchase, of Kimball, of his interest in the staging business in Missouri and Kansas.

The first count is special on the agreement, setting it forth in *hæc verba.* The second is a general count on the account stated by Mr. Vernon under said agreement. The third and fourth are the common counts.

The agreement contains, among other things, the following provisions, viz.: "And the said Walker and Moore agree to pay to said Kimball the sum of five thousand dollars, within four months from the date hereof, with ten per cent. from the date hereof, and said Walker and Moore agree to pay, within three years from this date, to said Kimball, the sum of thirteen thousand one hundred and sixty-six dollars, with interest annually at ten per cent., said last mentioned sum to be lessened or increased, according to the result of the settlement to be made by said William Vernon as aforesaid."

Mr. Vernon stated the account pursuant to the agreement, and found a balance due Kimball, under said agreement, of $8,778.30.

This suit was instituted to recover $877.83, claimed to be due under the agreement as annual interest at ten per cent. upon the balance of account found by Mr. Vernon.

The agreement and award or statement of account, by Mr. Vernon, were read in evidence, without objection, which was all the evidence.

The court found for defendant the sum of $877.83, and refused to set aside the assessment for that sum, and to grant a new inquest.

The second of the foregoing cases was in the Common Pleas, and was another suit for the annual interest claimed to be due in 1858. The pleadings and proofs are the same; the only difference being that a plea was put in in this last case. The judgment was for the same amount as that in the Circuit Court.

35

The controversy was upon the true construction of the agreement, as to the payment of interest—whether it was due annually, as contended for by defendant, or whether it was due with the principal sum at the end of the three years.

The same errors are assigned on each of the records, viz.:

1st.  The court found for the appellee.

2nd.  The court rendered judgment for the appellee, when, by the laws of the land, judgment should have been rendered for the appellant.

3rd.  The court misconstrued the contract or agreement between the parties.

SCATES, MCALLISTER & JEWETT, for Appellant.

E. A. AND J. VAN BUREN, for Appellee.

CATON, C. J.  These actions are to recover several installments of interest on the same agreement, which contains this clause: "Said Walker and Moore agree to pay, within three years from this date, to said Kimball, the sum of thirteen thousand one hundred and sixty-six dollars, with interest annually at ten per cent." And the question presented is, whether the interest is payable annually, or not till the principal becomes due. None of the cases referred to by either side are precisely in point. Those referred to by the appellee, would be directly like these, if the rate of interest were not expressed in the agreement. Then it would be very clear that the word annually could have been inserted for no other purpose than that of fixing the time when the interest should be paid. Here, the rate of interest stipulated is ten per cent., while the rate fixed by the statute, in the absence of any stipulation on the subject, is six per cent. per annum, and it is insisted that the word annually was inserted for the purpose of determining the rate of interest, and not for the purpose of fixing the time when the interest should be payable. An agreement to pay a certain sum in a specified period, either longer or shorter than one year, with interest at ten per cent., if literally construed, would mean ten per cent., no more and no less, for the whole time during which the payment was forborne by the terms of the agreement, whether that time was more or less than one year; yet the courts will always imply the words annually, or per annum, for the purpose of fixing the rate of interest. The rate of interest is, therefore, the same, whether the word *annually* be inserted or not; yet it is, undoubtedly, the right of the parties to insert that word, and for the sole purpose of fixing the rate of interest. But it does not necessarily follow, that that word was used for

that purpose only. That word may well be used, and indeed it is the proper word to use, for the purpose of fixing the time when the interest shall be paid, and we are inclined to think that such is its proper office here. Admitting that it is not free from doubt as to what the parties did really intend, that doubt must be solved by the well settled rule of law, that in case of doubtful construction, we must treat the language used, as the language of the party who executes the instrument, and construe it most strongly against him, rather than against the other party, who is not presumed to have selected the ambiguous expression. We agree with the construction adopted by the Common Pleas, and affirm its judgment.

*Judgment affirmed.*