## JACOB KURZ, Impl'd, etc.,
### v.
### BERNARD SUPPIGER.

1. PROMISSORY NOTE—SUIT FOR INTEREST.—A note for $1,000 given October 20, 1882, contained this interest clause: "with eight per cent. annual interest from date until paid." Ten days after the note became due suit was brought before a justice of the peace for the interest on said note for one year, and judgment obtained for such interest. In 1884, suit was brought on the same note and judgment obtained for the principal and interest from October 20, 1883. *Held*, that the judgment obtained before the justice of the peace is not a bar to the second action.

2. SAME—INTEREST CLAUSE.—The above interest clause must be given the same effect as if it had read "with eight per cent. interest, *payable,* annually."

ERROR to the Circuit Court of Madison county; the Hon. WM. H. SNYDER, Judge, presiding. Opinion filed April 15, 1886.

Mr. WM. P. BRADSHAW, for plaintiff in error; that when the note matured, it constituted but one cause of action, but one demand, and more than one suit could not be maintained for its recovery, cited Mattock v. Krome, 78 Ill. 110; Nickerson v. Rockwell, 90 Ill. 460; Dulaney v. Payne, 101 Ill. 325.

Mr. THOMAS J. RICHARDSON, for defendant in error; that a

suit and judgment for interest upon a promissory note, where both principal and interest are due, is not a bar to a subsequent action to recover a judgment for the principal sum, and that a note due one year after date, "with eight per cent. annual interest from date until paid," is not an *entire* contract, but contains two separate and distinct obligations—one to pay the principal and the other to pay the interest, cited Dulaney v. Payne, 101 Ill. 325; Wehrly v. Morfoot, 103 Ill. 183; Sparhawk v. Wells, 6 Gray, 163; Andover Savings Bank v. Adams, 1 Allen, 38.

WILKIN, J. On the 20th day of October, 1882, plaintiff in error and Martin J. Scott made their promissory note for one thousand dollars, payable to defendant in error, on or before October 20, 1883. The interest clause in the note is in this language: "with eight per cent. annual interest from date until paid." On the first of November, 1883 (ten days after the note became due), the defendant in error sued before a justice of the peace for the interest on said note for one year. He obtained judgment on the 16th of November, 1883, and on the 6th of December following, the same was paid in full. This suit was brought on the 18th of February, 1884, on the same note, and the former recovery pleaded. Defendant in error recovered judgment for the principal of the note and interest from October 20, 1883, amounting to $1,163.78 and for costs.

If the judgment obtained before the justice of the peace is a bar to this action, then the judgment of the circuit court is wrong ; otherwise it is right and must be affirmed. The former recovery was properly pleaded, and no objection was made to the evidence.

The difficulties which might be encountered in the determination of this question on general principles are overcome by the decisions of our Supreme Court, and we have only to follow them.

In Walker, impleaded, etc., v. Gamville Kimball, 22 Ill. 537, it is decided upon a promissory note due three years after date "with interest annually at ten per cent." that the interest is due at the end of each year. After referring to

the word *annually* as used for the purpose of fixing the rate
of interest, Caton, C. J., says : "But it does not follow that
the word was used for that purpose only. That word may well
be used, and, indeed, it is the proper word to use, for the pur-
pose of fixing the time when the interest shall be paid, and
we are inclined to think that such is its proper office here."
The words *annually* in that note, and *annual* in this, in their
respective connections, must be given the same meaning, and,
on the authority of that case, this interest clause must be given
the same effect as if it had read, with eight per cent. interest
*payable* annually. As is said in that case, the rate of interest
is the same whether the word annual is used or not, because
the words *per annum* will always be implied for the purpose
of fixing the rate of interest. Construing the contract as
providing for the payment of interest annually, the case is, in
principle, exactly like that of Dulaney v. Payne et al., 101
Ill. 325, and the Massachusetts cases there cited and fol-
lowed. The case of Wehrly v. Morfoot, 103 Ill. 183, but
reiterates the doctrine of Dulaney v. Payne et al. The judg-
ment of the circuit court is affirmed.

Judgment affirmed.