C. V. MCCLENATHAN, Appellee, *vs.* EMMONS DAVIS, Appellant.

*Opinion filed December 22, 1909.*

1. BILLS AND NOTES—*the language of a note is construed most strongly against maker.* A promissory note is the language of the maker, and if the meaning is doubtful or ambiguous the language is to be construed most strongly against him. (*Massie v. Belford,* 68 Ill. 290, followed.)

2. SAME—*when time of payment is certain.* A note reading, "For value received I promise to pay Elizabeth Gamble, or order, the sum of fifteen hundred dollars in twelve months after I shall become the legal owner of one hundred and fifteen acres of land conveyed to me by my father, H. V. Davis, reserving to him, H. V. Davis, a life estate in said land, by which at his death I am to become possessed of and the owner in fee of said one hundred and fifteen acres," describing them, refers to a conveyance already made and is a valid negotiable instrument payable at a time certain, and not upon a contingency which may never happen.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding.

RAY & DOBBINS, and WALTER V. DYSERT, for appellant:

A negotiable promissory note must be payable unconditionally and at a time certain,—that is, at a time that must inevitably come. Contingency either as to time or condition of payment in the terms of a promissory note is

fatal to its negotiability. *Kingsbury* v. *Wall,* 68 Ill. 311; *Smalley* v. *Edey,* 15 id. 324; *Gillilan* v. *Myers,* 31 id. 525; *Bank* v. *McCrea,* 106 id. 281.

A note, though payable at a time certain, is nevertheless non-negotiable if payable contingently,—that is, conditional with reference to the happening or failure to happen of some event or thing that either may or may not happen. *Baird* v. *Underwood,* 74 Ill. 176; *Smalley* v. *Edey,* 15 id. 324; *Gillilan* v. *Myers,* 31 id. 525.

Where payment by the express terms of a note depends upon a contingency, it is no matter that the contingency actually happens at a time subsequent, whereby payment becomes absolute, because the negotiable quality of the note must be determined with reference to its character at the time of execution, and not with reference to its character in the light of or as changed by events happening afterwards. *White* v. *Smith,* 77 Ill. 351.

Acton & Acton, for appellee:

A note or bill payable at a certain time after the death of a person, whether it be the maker, payee or drawee or some third person, is negotiable, for the person is sure to die, and hence the payment is not conditional. *Shaw* v. *Camp,* 160 Ill. 425; *Beatty* v. *Western College,* 177 id. 280.

A note payable when a person shall become of age is not negotiable, because he may die a minor; but if the time when such person will come of age is specified it will be good, as it will be taken to be payable absolutely when the time arrives. *Goss* v. *Nelson,* 1 Burr. 226; *Kelley* v. *Hemmingway,* 13 Ill. 604.

A written promise to pay $50 to a railroad company, to be paid in such installments and at such times as the directors of said company may, from time to time, assess or require, is a valid negotiable note, being, in effect, payable on demand or in installments on demand. *White* v. *Smith,* 77 Ill. 351.

The negotiability of an instrument is not impaired by recitals or statements upon its face which merely state the consideration upon which it was made. 1 Daniel on Neg. Inst. (5th ed.) sec. 51a; *Beatty* v. *Western College,* 177 Ill. 280.

Mr. Chief Justice Farmer delivered the opinion of the court:

This is an action of assumpsit brought by appellee, as endorsee, against appellant, Emmons Davis, as maker, and Elizabeth Gamble, as endorser and guarantor, of the following written instrument:

"For value received I promise to pay Elizabeth Gamble, or order, the sum of fifteen hundred dollars in twelve months after I shall become the legal owner of one hundred and fifteen acres of land conveyed to me by my father, H. V. Davis, reserving to him, H. V. Davis, a life estate in said land, by which at his death I am to become possessed of and the owner in fee of said one hundred and fifteen acres, situated in the south-east corner of section 30, in township 18, north, range 11, east of the third P. M., Champaign county, Illinois.

EMMONS DAVIS.

March 6th, 1894.
Witness: Thomas J. Smith.
Endorsed and payment guaranteed.—Elizabeth Gamble."

There was a verdict and judgment in favor of appellee in the circuit court. Emmons Davis prosecuted an appeal to the Appellate Court for the Third District. The judgment was affirmed by that court, and he has brought the case to this court by further appeal.

The transaction and circumstances out of which the execution of the instrument sued upon arose were as follows: H. V. Davis was the father of appellant, three other sons and Elizabeth Gamble. In September, 1893, H. V. Davis made appellant a warranty deed, conveying to him one hundred and fifteen acres of land in Champaign county for an expressed consideration of $100. By the deed the grantor reserved to himself a life estate in the land conveyed. He also appears to have made deeds for other

lands to his other sons but none to the daughter. Mrs. Gamble was dissatisfied with this and claimed that the sons had by fraud and undue influence secured the deeds from their father, and she insisted upon her brothers making good to her a portion of the estate of her father which she would be entitled to as one of his heirs at the time of his death. Mrs. Gamble claimed that each of her brothers ought to give her a note for $1500, and the instrument sued on was executed by the appellant and delivered to Mrs. Gamble. H. V. Davis died in July, 1906, and within twelve months after that time the instrument sued on was endorsed and transferred by Mrs. Gamble to appellee.

Appellant states in his brief that the vital question in the case is, was the instrument sued on a negotiable instrument?—and that the decision of that question will be decisive of the case. No other question is discussed in his brief and argument.

In *Dorsey* v. *Wolff,* 142 Ill. 589, it was said a promissory note "may be defined to be a written promise by one person to pay to another person therein named, or order, a fixed sum of money at all events and at a time specified therein or at a time which must certainly arrive." Appellant's contention is that the instrument sued on is not a promissory note because it is not payable at a specified time which must certainly arrive, but is payable upon a contingency which may or may not happen. The contingency upon which it is argued the payment depends is the actual ownership and possession of the land by appellant, and it is said this may never happen, because it may be that the grantor in the deed had no title to the land, or that appellant might fail to record his deed and the grantor make another deed to an innocent purchaser, or that appellant might before the death of his father have joined with him in a conveyance to a third person, thereby destroying appellant's estate and interest in the land before the life estate of his father was terminated. We think there is no

merit in this position of appellant. It is not claimed that there is any basis for the contention that it might possibly turn out appellant's father had no title to the land conveyed, and as to the other alleged contingencies it was in the power of appellant to prevent them happening. Besides, we do not consider them contingencies, within the meaning of the law, that could affect the certainty of the time for the payment of the instrument sued on. Properly analyzed and understood, that instrument recites that H. V. Davis had conveyed to appellant one hundred and fifteen acres of land, reserving a life estate therein; that appellant was to become the owner in fee and possessed of said land upon his father's death, and he promised to pay Elizabeth Gamble $1500 within twelve months after he became such owner of said land,—i. e., within twelve months after his father's death. The payment was not dependent upon a contingency that might never happen. The death of H. V. Davis would entitle appellant to the possession of the land, and his death was certain to happen. If the instrument was uncertain and ambiguous, which we think it is not, it is framed in the language of appellant and must be construed most strongly against him. "Where the language of an instrument is susceptible of two constructions, one of which requires the performance of the impossible or involves a forfeiture or renders it unreasonable or unjust, the construction which makes a performance possible or avoids a forfeiture or is reasonable or just will be adopted." (*Rankin* v. *Rankin,* 216 Ill. 132.) It seems to us it would be an absurd and unreasonable construction of this instrument to say that the parties did not understand or intend that the money was to be paid absolutely and within a definite, certain and fixed time.

What was said in *Massie* v. *Belford,* 68 Ill. 290, is so pertinent to this discussion that we quote what the court there said as not only applicable to the instrument here sued on, but as conclusive of the correctness of the con-

struction placed on the instrument by the trial and Appellate Courts. In that case the note sued on was payable "on or by the first of March, eighteen and sixty-eight," and it was contended that the time of payment was not definite and certain. The court said: "In the construction of written contracts it is a well known rule of law that the intention of the parties who made the contract is to be determined from the whole instrument, and when the intention can be so ascertained it is the duty of courts to carry it into effect. If a contract contains ambiguous words or words of doubtful construction, such are to be construed most strongly against the party who executed the contract. If the contracting party uses, over his own signature, language of doubtful meaning, he cannot complain when the construction is favorable to the other contracting party, who is not presumed to have chosen the expression of doubtful meaning. (*Walker* v. *Kimball,* 22 Ill. 537; *McCarty* v. *Howell,* 24 id. 342.) What, then, did the defendant intend and what did the plaintiff expect when the promissory note was executed in and by which the defendant promised to pay the amount therein named on or by the first of March, eighteen and sixty-eight? There can be no doubt in regard to the intention of both payer and payee. They undoubtedly intended by the language used to make the note due on the first day of March, 1868. The word 'hundred' was omitted, but the intent of the parties is so manifest that the law will enforce the contract as was intended, and hold that the note was due on the first day of March, 1868. It is not the policy of courts to give such a construction to contracts as will defeat the ends of justice upon a technical question, but rather enforce contracts according to the intention of the makers thereof, when, as in this case, the intent is so apparent."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*