## Emma C. Thoendel, Administratrix of the Estate of Herbert J. Thoendel, Deceased, Appellee, v. John R. Robertson, Appellant.

### Gen. No. 24,947.

**1.** CLUBS, § 2*—*what amount payable under contract on death of member.* Under a contract of club membership, reciting in its heading "6 per cent interest, compounded annually," and providing for the payment of $10 on the first of each month for 82 months, for which defendant agreed to deliver to the holder of the agreement $1,000 in $100 notes due within 82 months, and providing as one of the six "privileges of surrender" before the completion of the contract, for the payment of cash and the full accumulation at death, the administratrix of a deceased member was entitled to "cash and the full accumulation," of 6 per cent interest compounded.

**2.** CLUBS, § 2*—*when clause of contract inapplicable on death of member.* Under a contract of club membership providing for monthly payments for 82 months, for which $1,000 was to be paid in $100 notes due within 82 months, and providing in one privilege clause for

---

*See Illinois Notes Digest, **Vols. XI to XV,** and Cumulative Quarterly, same topic and section number.

a certain payment at death, and in another for a payment for "paid-up contract," the latter clause did not apply at the death of a member who died before the contract was paid up, but after it had become nonforfeitable under the terms of the contract.

3. CONTRACTS, § 168*—*rule requiring ambiguity to be resolved against party preparing contract applied to contract of club membership.* The rule that ambiguity in a contract must, under well-settled rules of interpretation, be resolved against the party who prepared the contract, applied in favor of the administratrix of the estate of a deceased party to a contract of club membership promising to pay a stated sum in consideration of making monthly payments.

4. APPEAL AND ERROR, § 1301*—*when evidence assumed sufficient to sustain finding and judgment.* In the absence of a bill of exceptions, and there being no evidence before the Appellate Court, it was the duty of that court to assume that there was evidence heard by the trial court sufficient to sustain the finding and judgment.

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed June 16, 1919.

BERNARD F. JOHNSTON, for appellant.

GURDON WILLIAMS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of $361.41 entered upon the finding of the trial judge, a jury having been waived.

Defendant admits a liability for $205, and the controversy centers around the difference between that amount and the amount of the judgment.

We might affirm the judgment for defendant's failure to sufficiently abstract the contract upon which the action is grounded. The abstract is in this regard so meager that it operates to conceal instead of disclosing the cause of action. However, we turn to the record and find a contract headed: ''Robertson & Young's Prosperity Club of Chicago Membership

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Agreement, Six per cent (6%) interest, compounded annually.'' The contract is dated the 1st day of February, 1911, and provides for the payment by Herbert J. Thoendel of $10 on the first day of each month thereafter during a period of 82 months, at the office of Robertson & Young in Chicago, for which Robertson & Young agreed to deliver to the holder of the agreement $1,000 in $100 notes due and payable within 82 months of the date of the agreement, said notes being secured by a first lien by the makers on Chicago city or suburban real estate as therein enumerated. Then follow six ''privileges of surrender'' before completion of contract, the one applicable to the case at bar being as follows: ''At death—for cash and the full accumulation, or it may be continued by the legal representative with the same privilege as original contract holder.''

Thoendel died and his administratrix brings this suit, claiming ''for cash and the full accumulation,'' and insists that that accumulation is 6 per cent interest compounded.

The contract is nonforfeitable after 12 monthly payments have been made, and Thoendel made payments exceeding such number. These payments are indorsed on the back of the contract, are not in dispute, and amount to $560. The accrued interest is calculated at $136.69, and compound interest at $37.07, making a total of $733.76. On this sum are the following credits: Payments on January 31, 1918, of $100, on March 1, 1918, $150, and on May 1, 1918, $127.50, making a total amount of credits of $377.50, leaving a balance due of $356.26. The finding was for the latter sum, with accrued interest from June 21, 1918, to the date of the judgment.

The defense rests upon the contention that the privilege clause ''for paid-up contract'' applies. This reads as follows: ''Any time for paid-up contract

after 30 monthly payments have been made, payable at maturity of 82 months or any time thereafter at 4 per cent interest.''

It will be seen from the foregoing recitation that 56 payments were made, and so we think that this clause did not apply to the condition here found.

Confronted as we are with an express provision for settlement at the death of Thoendel, which is for cash and the full accumulation under a contract which is headed, ''6 per cent interest, compounded annually,'' we see no escape from the conclusion that plaintiff was entitled to recover the amount due on the principal with 6 per cent interest compounded annually. As more than 12 monthly payments were made, the contract was, under its express terms, ''nonforfeitable.'' The fact that there were defaults in the payment of subsequent instalments does not, we think, under the terms of the contract, disturb the right to recover compound interest.

We do not think the contract is ambiguous in its terms, and, if it were, such ambiguity must, under well-settled rules of interpretation, be resolved against the defendant, who prepared the contract. *McClenathan v. Davis*, 243 Ill. 87; *Massie v. Belford*, 68 Ill. 290.

Furthermore, there is no bill of exceptions in the record or statement of facts. There being no evidence in the record before us, it is our duty to assume that there was evidence heard by the court sufficient to sustain its finding and judgment. *Hagen Paper Co. v. East St. Louis Pub. Co.*, 269 Ill. 535.

Agreeing as we do with the construction placed by the trial judge upon the contract in the record, the judgment of the Municipal Court is affirmed.

*Affirmed.*