Farmers State Bank of Princeville and A. B. Debord, Trustee, Appellants, v. Milton Fast and Allen C. Fast, Appellees.

## Gen. No. 7,934.

Opinion filed July 30, 1928.

MANSFIELD & COWAN and GEORGE J. JOCHEM, for appellants.

LEON E. SUTHERLAND and TODD, MORGAN, PENDARVIS & ARBER, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

A bill was filed in the circuit court of Peoria county by appellants against appellees for the foreclosure of a trust deed on certain real estate, given to secure the payment of eight promissory notes. All of said notes were dated December 12, 1924, signed by appellee Milton Fast, and due and payable five years after date.

An answer and a replication were filed and the cause was referred to the master to take the evidence and to report the same, together with his conclusions of law and fact. The master took and reported the evidence, with his conclusions. Objections and exceptions were filed to said report, and on the hearing on said exceptions, the court dismissed said bill for want of equity. To reverse said judgment or decree, this appeal is prosecuted.

Certain amendments were made to the bill of complaint, and certain exceptions were filed to said answer which it will not be necessary for us to go into.

On the record as it now stands, the principal question raised by the assignment of errors is as to whether at the time said bill was filed, there had been a default in the payment of interest, rendering said trust deed subject to foreclosure. The trial court held that, under the terms of said notes and trust deed there had been no breach, authorizing a foreclosure.

The notes in question were all of like character, seven of the notes being for $2,000 each and the eighth note being for $975.57. The $2,000 notes were each in the following form:

"$2,000.00      Princeville, Illinois, December 12, 1924.

"Five years after date I promise to pay to the order of Myself Two Thousand and No/100 Dollars at Farmers State Bank of Princeville, Illinois. · Value received with interest at 7 per cent per annum.

MILTON FAST."

Each of said eight notes was indorsed: "Milton Fast."

It is the contention of appellants that a proper construction of said notes requires the payment of the interest thereon annually, while appellees insist that the interest is not due and payable until the maturity of said notes.

The exact question raised on the assignment of error with reference to whether or not the interest provided to be paid by said notes was to be paid annually or at the time of the maturity thereof, has not been passed upon by our courts. The case nearest in point is *Illinois Nat. Bank v. Trustees of Schools*, 211 Ill. 500. The court there had before it the following note:

"13,000.00               Farmersville, Ill., July 2, 1897.

"Five years after date I promise to pay to the order of the trustees of schools of town 12, range 5, thirteen thousand dollars, for value received, payable at the

Farmersville Bank, with six per cent interest from date, with the privilege of paying one or more thousand at interest date."

The question was raised there as to whether or not the interest specified was to be paid annually or at the maturity of the note. In discussing this question, the court at page 505 says:

"There is force in the contention of counsel for appellants that on the face of the note the interest did not fall due until the maturity of the note, and if the question had been properly raised and preserved in the circuit court we would be disposed to so hold. Without the language 'with the privilege of paying one or more thousand at interest date,' there could reasonably be no other contention. That language does not fix the date when interest shall be payable, and would be just as consistent with a claim that the interest was payable semi-annually, or every two years, as that it was payable annually."

Counsel for appellants insist that under the provisions of Cahill's St. ch. 74, ¶ 9, the note in question should be construed as requiring the interest to be paid annually. That section is as follows:

"Whenever, in any statute, Act, deed, written or verbal, contract, or in any public or private instrument whatever, any certain rate of interest is or shall be mentioned, and no period of time is stated for which such rate is to be calculated, interest shall be calculated at the rate mentioned, by the year, in the same manner as if 'per annum' or 'by the year' had been added to the rate."

The Supreme Court, however, in *Illinois Nat. Bank v. Trustees of Schools, supra,* held that said statute does not add to the construction, but that "it simply fixes the rule for computing the rate of interest, but does not purport to fix the date at which it shall be payable."

Appellants further contend if it should be held that said notes, standing alone, do not require payment of the interest until their maturity, that said notes and trust deed, having been executed at the same time, should be construed together; that so construed, the interest would be payable annually. The language of the trust deed relied on is as follows:

"Now, if default be made in the payment of the said eight promissory notes or any part thereof, or the interest thereon or any part thereof, at the time and in the manner above specified for the payment thereof, etc., or in case of waste or non-payment of taxes and assessments on said premises, etc., * * * or a breach of any of the covenants or agreements herein contained, then in such case ·the whole of said principal sum and interest secured by the said eight promissory notes shall thereupon, at the option of the legal holder or holders thereof, become immediately due and payable."

This language does not fix or specify the time when the interest on said notes becomes due and payable. *Illinois Nat. Bank v. Trustees of Schools, supra,* 505. To adopt the construction contended for, the court would have to read into said notes and trust deed matters not therein contained.

In *Will of Payne,* 171 Wis. 608, the court in discussing a matter of this character, at page 613 says:

"Where a contract provides for the payment of a certain rate of interest per annum, it only fixes the rate to be paid and has no reference to the time when such interest shall be paid, and interest so reserved is held to become due and payable only with the principal."

In *Ramsdell v. Hulett,* 50 Kan. 440, the court had under consideration the following note:

"$2,750.00                    Topeka, Kansas, April 4, 1887

"On or before three years after date, we promise to pay to the order of K. W. Robbins twenty seven hun-

dred fifty 00/100 dollars at the First National Bank, Russell, Kan., value received, with interest at 8 per cent. per annum after date until paid.

> J. T. Ramsdell
> Mary F. Ramsdell.''

Indorsed: ''K. W. Robbins, J. L. Starkweather. June 14th 1888. Received on the within note the interest up to April 4th, 1888.''

At page 443, the court says:

''The mortgage securing the note, and referred to in the cross-petition contained the following condition: 'But if said sum or sums of money, or any part thereof, or any interest thereon, is not paid when the same is due, *and* if the taxes and assessments of every nature which are or may be assessed and levied against said premises, or any part thereof, are not paid when the same are by law made due and payable, then the whole of said sum or sums and interest thereon shall and by these presents become due and payable, and said party of the second part shall be entitled to the possession of said premises.' * * *

''The first point made is that the cross petition did not state facts sufficient to constitute a cause of action against the plaintiffs in error. The point is made that the note and interest did not mature until the 4th day of April, 1890, three years from the date of the note; that the cross petition showed upon its face that there was nothing due upon the note and mortgage, and that the court had no authority to render judgment upon the same a month before it was due. * * * The last clause in the note reads: 'With interest at 8 per cent. per annum after date until paid.' * * *

''It is contended by the defendant in error that this clause made the interest payable annually, and a default in its payment made the whole sum due; that 'per annum' and 'annually' mean the same. Strictly speaking, the words 'per annum' mean 'by the year,'

or 'through the year.' But we must construe the note as an entirety. It is a promise to pay a stated sum of money, with the interest thereon at 8 per cent. per annum. This, we think, means that the principal and interest are due and payable at the same time. * * *

"We are of the opinion that by the terms of the note and mortgage no part of the interest became due until the maturity of the note, and that it was error upon the face of the record for the court to render judgment for the debt before the note became due."

In *Koehring v. Muemminghoff*, 61 Mo. 403, the court at page 406 says:

"In the note under consideration, the promise in the note was to pay the sum of money named 'with interest from date at the rate of eight per cent. per annum,' five years after the date of the note. No different time is fixed for payment of the interest from that fixed for the payment of the principal secured to become due by the note. In such a case, both principal and interest become due at the same time; in fact the promise plainly is to pay the principal, with the interest, five years after the date of the note. The words 'with interest at the rate of eight per cent. per annum,' only fix the rate of interest to be calculated on the note, and have nothing to do with the time that it shall be paid. (1st Am. Lead Cas. 614; *Cooper, adm'r v. Wright*, 3 Zab. 200; *Bander v. Bander*, 7 Barb. 560.)"

In *Bander v. Bander*, 7 Barb. (N. Y.) 560–562, the court held:

"If the contract contains an agreement for the payment of interest, but is silent as to the time when it is to be paid, the interest is not payable until the principal debt becomes due."

In *Roberts & Brooke v. Morsell*, 10 Md. 32, the court at page 38 says:

"The appellee claims interest upon principal before it came due. This is in opposition to the general principle of law, which does not give a right to demand interest until the principal is payable, unless there is a contract conferring such right.

"The general rule is that interest becomes due and payable at the same time that the principal becomes due and not before; but this rule is subject to be varied by the contract of the parties, * * *. Where the contract provides for the payment of a certain rate of interest 'per annum,' it only fixes the rate to be paid and has no reference to the time when such interest shall be paid, and consequently interest so reserved becomes due and payable only with the principal." 22 Cyc. 1482–1483.

Counsel for appellants cite and rely on *Walker v. Kimball,* 22 Ill. 537, and *Kurz v. Suppiger,* 18 Ill. App. 630, as sustaining their position that the notes in question should be construed as providing for the payment of interest annually.

In the *Walker v. Kimball* case, the court had before it a contract containing the following: "Said Walker and Moore agree to pay, within three years from this date, to said Kimball, the sum of thirteen thousand one hundred and sixty-six dollars, with interest annually at ten per cent."

It was there held that the interest was to be paid annually.

In *Kurz v. Suppiger,* the note under consideration contained this provision: "With eight per cent. annual interest from date until paid." The court held that the interest was to be paid annually.

The language used in the two cases relied on is quite different from the language used in the notes here involved. The notes in the cases cited provided, in the one for the payment of "annual interest," and in the other, for "interest annually." The notes here involved, under the authorities above cited, merely pro-

vided for the measure of the interest to be paid, at a certain rate "per annum," but did not fix a time at which such interest was to be paid.

Clearly, under our own Supreme Court holding and the holding in the cases cited from other States, said interest was not payable until the maturity of said notes. That being true, the court did not err in dismissing said bill. It is therefore not necessary for us to go into a discussion of the other questions raised by the assignment of errors.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*