**UNITED STATES of America,**
**Plaintiff,**

v.

**HARRIS TRUST AND SAVINGS BANK**
**et al., Defendants.**

**No. 64 C 1051.**

United States District Court
N. D. Illinois, E. D.

Feb. 17, 1967.

Edward V. Hanrahan, U. S. Atty., Northern District of Illinois, Chicago, Ill., for plaintiff.

John Crown, Raymond, Mayer, Jenner & Block, Chicago, Ill., for defendants Bertke, McGrath & Torrey, Jr.

C. E. Fox and Paul S. Gerding, Wilson & McIlvaine, Chicago, Ill., for defendant Harris Trust and Savings Bank, Individually and as Exec. of others.

## MEMORANDUM AND ORDER

CAMPBELL, Chief Judge.

The government brings this action for the collection of federal estate taxes previously assessed and allegedly due from the estate of Gertrude Witbeck Hanlin (hereinafter referred to as "decedent"). Defendant, Harris Trust and Savings Bank (hereinafter referred to as "Harris"), is the executor of the estate and trustee of five trusts created by the will of the decedent. The other defendants are surviving beneficiaries of the trusts and legatees under the will. Relief is sought against these individual defendants only to the extent of the value of the property received by each of them from the estate.

The decedent died on April 11, 1952. On August 23, 1956, the District Director made an assessment of $92,459.63 plus interest of $17,287.42 on federal estate

taxes allegedly due from the estate. This amount represented estate taxes on certain real estate owned by the decedent at the time of her death which was not included in her gross estate. The nature of her interest in that property and whether it should have been included in her estate for federal estate tax purposes gave rise to this controversy.

On August 3, 1960, defendants submitted an Offer in Compromise in the amount of $1,000 in full settlement of the claim. This Offer was rejected by the Internal Revenue Service in June, 1961. Suit was filed June 16, 1964, almost 8 years after the original assessment, and 3 years after the Offer in Compromise was rejected.

Defendants move to dismiss [1] the suit alleging that it is barred by the applicable statute of limitations, 26 U.S.C. 6502(a) which provides that any collection proceeding in court must begin within 6 years after the assessment of the tax.[2]

The government argues that the statute of limitations in this case had been extended until June 22, 1964, and the suit was therefore timely filed. The government's contention is premised upon the provisions contained in the Offer in Compromise submitted by Harris on a printed Treasury Department form, (Form 656). There appears in paragraph 6 on the first page of that form an express waiver and suspension of the statute of limitations for the period in which the Offer is pending, and one year thereafter. Above the signatures of the parties to the Offer, i. e. Harris and the District Director, there also appears the statement

that: "Waiver of statutory period of limitations is hereby accepted by the undersigned."

Neither of these references to the waiver or suspension of the statute of limitations has been deleted or modified on the form. However, a typewritten rider attached to the form and submitted with the Offer as a part thereof reads in part, as follows:

"The taxpayer does not by this offer admit the validity of the assessment in this case, or waive any defense thereto, including any statute of limitations or other restriction upon assessment or collection of the challenged tax."

It is well settled that when there is a conflict and inconsistency between a printed provision and a typewritten provision inserted by the parties, the typewritten language will prevail. Corbin, Contracts § 548 at 181–183; Restatement of the Law, Contracts § 236(e); 17A C.J.S. Contracts § 310, pp. 168–171.

This rule establishing the priorities of typewritten and written matter over printed forms is intended to assist in accurately ascertaining the intentions of the parties. It has been assumed, and I believe correctly so, that specific additional clauses drafted in the particular language of the parties which are added to forms more clearly and definitively reflect the desires and intentions of the parties. This was well expressed in H & B American Mach. Co. v. United States, 11 F.Supp. 48, 81 Ct.Cl. 584, a case somewhat similar in its facts to this case, wherein a taxpayer added a

---

1. Though labeled a motion to dismiss, defendant's motion should more properly be described i a motion for Summary Judgment under Rule 56, F.R.Civ.P. and will be treated accordingly.

2. Defendants here argue only the statute of limitations defense. However, they raise and specifically reserve a number of other defenses, *inter alia,* (1) that the estate is and always has been insolvent; (2) the estate has been closed and the executor discharged by the Probate Division of the State Court and there is,

therefore, no entity to sue; (3) Illinois Supreme Court decisions demonstrate there was no interest in the property which would be includable in the estate; (4) a state court decree is *res judicata;* (5) lack of proper notice of demand for tax; and (6) no assessment of transferee liability has been made. These defenses were not briefed and argued here by defendants because a favorable decision on the statute of limitations issue will dispose of the case and consideration of the other issues will be unnecessary.

typewritten time limitation on a government form containing a printed waiver or suspension of the statute of limitations.

"The reason for this rule is that written words are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use without reference to particular objects and aims. The plaintiff undoubtedly had some object in view in adding the typewritten words to the formal printed language of the waiver, otherwise we think it must be assumed he would have signed the waiver in the form in which it was prepared by the government."

\* \* \* \* \* \*

"The fact that the waiver was a unilateral instrument, voluntarily given by the plaintiff, only emphasizes the importance that must be given to the added typewritten provision in construing the intent and meaning of the waiver as a whole. This provision consciously and purposely altered preceding provisions of the regular printed form of the waiver, and unless it be entirely ignored and regarded as meaningless, it must be held to be a clause of limitation on the preceding printed provisions, and controlling as to the effective life of the waiver." (11 F. Supp. at 52–53).

The government does not challenge the soundness of the rule, but argues that the differences here can be reconciled. The only question raised by defendant's motion is whether the typewritten provision of the rider is in fact inconsistent and in conflict with the printed waiver or suspension of the statute of limitations as found in Treasury Form 656. If inconsistent, the typewritten provision retaining statutory protection prevails and the suit is barred by the Statute of Limitations.

In attempting to reconcile the statements the government points out that the "statement attached" or "rider" was submitted with the Offer in Compromise primarily to detail "factual background to show why the offer should be accepted,"

and was so captioned. As noted by the government, reference is made to the rider at paragraph 5 of the printed form which paragraph calls for background information to show why taxpayer's Offer should be accepted. There is no reference to the rider at paragraph 6, which deals with the waiver or suspension of the statute of limitations.

■ While reference to the rider at paragraph 6 might have been more appropriate and would have eliminated any question of consistency, I still find the statements inherently in conflict and irreconcilable. The typewritten language selected by the taxpayer must therefore prevail and the suit is accordingly barred by § 6502(a).

■ To adopt the government's suggestion that the statements may be reconciled by construing the statement in the rider as meaning that the taxpayer did not waive the defense of statute of limitations "as extended by paragraph 6 of the printed form", or that the rider referred to some statute of limitations other than the limitations for bringing suit, would defeat the obvious and clear intent of Harris when it submitted the Offer in Compromise. Further, if the interpretation of the provision waiving the statute of limitations was uncertain or ambiguous, though I find that it is not, it should be liberally construed in a manner most favorable to the taxpayer. United States v. Updike, 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984; United States v. Morgan, D.C., 213 F.Supp. 137.

■ I am unimpressed with the government's argument that the taxpayer must have waived the statute because the Internal Revenue Service is prohibited by regulation from considering an Offer unless the taxpayer has waived the statute of limitations. Whether the Offer submitted by Harris complied with Internal Revenue Regulations is not here at issue.

I am likewise unimpressed by the plea that the Service faces an enormous administrative burden if it must closely

examine the many Offer forms filed each year to see that the attachments do not conflict with or modify the Treasury Department Form.

Defendants' Motion for Summary Judgment is granted and the Complaint of Plaintiff is hereby dismissed.