UNITED STATES of America, Plaintiff-Appellant,

v.

HARRIS TRUST AND SAVINGS BANK, Individually, as Executor of the Estate of Gertrude Witbeck Hanlin and as Trustee et al., Defendants-Appellees.

No. 16299.

United States Court of Appeals Seventh Circuit.

Feb. 7, 1968.

Rehearing Denied March 11, 1968.

Mitchell Rogovin, Lee A. Jackson, Crombie J. D. Garrett, Thomas H. Boerschinger, Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for appellant.

Clarence E. Fox, Paul S. Gerding, John J. Crown, Wilson & McIlvaine, Raymond, Mayer, Jenner & Block, Chicago, Ill., for appellees.

Before SWYGERT, FAIRCHILD and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This appeal raises the question whether the Government's suit to collect a federal estate tax assessment was barred by the statute of limitations. Gertrude Witbeck Hanlin died insolvent on April 11, 1952. In the following year, her Executor, Harris Trust and Savings Bank of Chicago, filed a federal estate tax return disclosing that she had an interest in a trust created by her grandfather.[1] This interest generated a claim for federal estate taxes, resulting in an August 23, 1956, assessment of $92,459.-63, plus interest, against Mrs. Hanlin's estate.

On August 3, 1960, taxpayers submitted a $1,000 offer in compromise to the Internal Revenue Service to satisfy the entire assessment. This offer was submitted on Form 656, the standard printed form for offers in compromise. Item 6 of the form provided as follows:

"6. The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for 1 year thereafter."

Attached to this form was a typewritten statement, prepared by a lawyer for the Executor, detailing grounds why the offer in compromise should be accepted.

---

1. Certain aspects of litigation concerning the grandfather's trust are reported in Lombard v. Witbeck, 173 Ill. 396, 51 N. E. 61, and Aloe v. Lowe, 278 Ill. 233, 115 N.E. 862. A settlement agreement arising from a later dispute was embodied in the decree in Jones v. White, 53 C 7582 (Circuit Court of Cook County).

The first two paragraphs of this typewritten statement provided:

"This statement is made to detail the factual background under which this Offer is made, and show why it should be accepted:

"(a) The Taxpayer, the Estate of Gertrude Witbeck Hanlin, is and always has been insolvent;

"(b) The assessment of Federal Estate Tax is presently unenforceable under the statutes because of lapse of time;[2] and

"(c) The assessment was based on a misconception of facts and applicable Illinois law, and was therefore unlawful.

"The Taxpayer does not by this Offer admit the validity of the assessment in this case, or waive any defense thereto, including any statute of limitations or other restriction upon assessment or collection of the challenged tax."

The offer was rejected on September 7, 1961.[3] The Government filed this suit for collection of the assessed taxes and interest on June 16, 1964. The taxpayers filed a motion to dismiss, asserting that the suit was filed almost eight years after the assessment and was therefore barred by the six-year statute of limitations governing tax collection.[4] Resisting the motion, the Government argued that the statute of limitations on collection was suspended for the period during which the offer was pending, plus one year, by virtue of the above-quoted Item 6 of Form 656, so that the action was timely brought. The District Court held that the provisions of Item 6 had been abrogated by the typewritten attachment and granted the motion to dismiss. 267 F.Supp. 255. We disagree with this disposition.

On analysis, the suspension portion of Item 6 of the offer in compromise form and the typewritten attachment are not in conflict. By the typewritten language, the taxpayers refused to waive the benefit of the statute of limitations defense. This was permissible under the applicable regulation. However, the taxpayers never vitiated their Item 6 agreement "to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for 1 year thereafter." Indeed, without violating its own regulations, the Government could not have accepted taxpayers' offer in compromise for its consideration unless the taxpayers had agreed to the tolling of the period of statutory limitations.[5] Nothing in taxpayers' typed reservation negates the suspension clause of Item 6 or even refers to suspension.

Taxpayers do not contend that the lawyer who drafted the offer in compromise was unaware of the regulation requiring a taxpayer to agree to suspension, nor is there any charge that the regulation is invalid. The purpose of the suspension clause of Item 6 and of the Treasury Regulation is to allow the Government a reasonable time to consider offers without prejudicing its right to collect the tax as a result of this consideration. As pointed out in United States v. Havner, 101 F.2d 161 (8th Cir. 1939),

2. The statute of limitations on assessment was generally three years. Section 6501 (a) of the Internal Revenue Code (26 U.S.C. § 6501(a)).

3. The Government inadvertently advised the District Court that the offer was rejected on June 22, 1961, but this misinformation did not affect the result below.

4. Section 6502(a) of the Internal Revenue Code of 1954 (26 U.S.C. § 6502(a)).

5. The applicable regulation provides (26 C.F.R. Sec. 301.7122-1):

"§ 301.7122-1. COMPROMISES.
\* \* \* \* \*
"(f) *Requirement with respect to statute of limitations.* No offer in compromise shall be accepted unless the taxpayer waives the running of the statutory period of limitations on both or either assessment or collection of the tax liability involved for the period during which the offer is pending, or the period during which any installment remains unpaid, and for one year thereafter. \* \* \*"

the suspension of the statute of limitations is the *quid pro quo* for the Government's considering a compromise offer. Judge Sanborn explained (at p. 163):

"The taxpayer, in submitting such an offer and waiver, in effect requests the Government to withhold attempts to collect the tax while the offer is pending, and, in consideration of this forbearance on the part of the Government, consents to forego the benefit of having the statute of limitations run while his offer of settlement is pending."

Taxpayers' failure to refer to suspension in its modification accords recognition to that long-recognized principle. If there was any ambiguity in the typewritten attachment, the ambiguity would have to be resolved against taxpayers who drafted it. Noonan v. Bradley, 9 Wall. 394, 76 U.S. 394, 19 L.Ed. 757; McClenathan v. Davis, 243 Ill. 87, 92, 90 N.E. 265, 266, 27 L.R.A.,N.S., 1017 (1909).

■ Taxpayers rely on Godchaux v. United States, 102 F.Supp. 266 (E.D.La. 1952), and H & B American Machine Co. v. United States, 11 F.Supp. 48, 81 Ct.Cl. 584 (1935). In both cases, the taxpayers' modifications would have been meaningless if the opinions had favored the Government. In contrast, our construction of the typewritten attachment does not make taxpayers' modification meaningless but merely confines it to the statute of limitations defense. Thus we hold that the suspension part of Item 6 was not covered by the typewritten attachment and remains in effect, but that the waiver part of Item 6 is no longer in effect by virtue of the typewritten modification thereof. As in Papulias v. Wirtz, 331 Ill.App. 376, 377, 73 N.E.2d 122 (1947), this construction gives effect to both the typewritten and printed portions of the documents. Because of our conclusion that Item 6 and the typewritten attachment are not in conflict, the rule that typewritten provisions *pro tanto* abrogate conflicting printed provisions [6] is inapplicable.

Taxpayers have not demonstrated any inconsistency between their Item 6 agreement to suspension and their typed reservation permitting them to assert the statute of limitations as a defense. Because of the tolling agreement, the statute of limitations did not run until September 7, 1964, so that this June 16, 1964, suit was timely filed.

Reversed and remanded.

---

6. H & B American Machine Co. v. United States, 11 F.Supp. 48, 52, 81 Ct.Cl. 584 (1935).