THOMAS G. AND SANDRA J. COURSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Courson v. Commissioner
Docket No. 8904-88
United States Tax Court
T.C. Memo 1990-196; 1990 Tax Ct. Memo LEXIS 215; 59 T.C.M. (CCH) 429; T.C.M. (RIA) 90196; April 17, 1990
James Michael O'Byrne, for the petitioners. Abbey B. Garber *216 , for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7443A(b) of the Code and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: Respondent determined deficiencies in petitioners' joint Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661(a)
1981
$ 95,067
$ 4,753
*
-0-
1982
19,956
998
*
$ 4,989
Respondent also increased interest under section 6621(c) in the amount of 120 percent of the adjusted rate of interest under section 6621(b) accruing after 1984 for 1981 and 1982. After agreeing upon a stipulation of settled *217 issues, petitioners and respondent agree that only one issue remains. The issue for decision is whether the statute of limitations bars adjustments to petitioners' 1981 income tax liability relating to DRW Realty VI, Ltd., partnership losses for the year 1981. Some of the facts are stipulated and are so found. The stipulation of facts, attached exhibits, and stipulation of settled issues are incorporated herein by reference. Petitioners resided in Mansfield, Illinois, when they filed their petition herein. Thomas G. Courson (hereafter petitioner) is a self-employed superintendent working for a construction company, Central Illinois Tile Company. That company installs drainage tiles along highways and, in addition, does some concrete work. For the year 1981, petitioner reported wages and salaries totaling $ 346,133.13. Petitioner consulted Cozad Financial Investment (hereafter Cozad), located at Champaign, Illinois, for investment opportunities. Cozad informed petitioner of several investment opportunities in D.R. Walker partnerships. During 1981 petitioner invested $ 45,000 in DRW Charleston Park, Ltd., also known as Charleston Park Investors, Ltd., and Charleston Park *218 of Houston (hereafter Charleston Park). Petitioners also invested $ 66,000 in DRW Realty VI, Ltd., (hereafter DRW Realty VI). Charleston Park held an apartment complex in Houston. DRW Realty VI held an office building in Knoxville, Tennessee, and an apartment complex in Dallas, Texas. On petitioners' 1981 timely filed Federal income tax return, petitioners reported losses of $ 93,818 and $ 114,280 from Charleston Park and DRW Realty VI, respectively. During 1983 respondent audited petitioners' 1981 return. On September 26, 1983, respondent sent a no-change letter to petitioners concerning their 1981 taxable year which stated: We are pleased to tell you that our examination of your tax returns for the above periods shows no change is necessary in your reported tax. Petitioners next heard from respondent by a transmittal letter dated October 17, 1984, which read: The Internal Revenue Service currently is conducting an audit of the tax return(s) identified at the bottom of this letter. Our records indicate that you are a member of the entity and changes made to its income will affect your individual tax return(s). Due to the complexity of the aforementioned audit and the *219 fact that the limitation period prescribed by law for assessing additional tax or processing a refund will soon expire, more time is needed to consider all pertinent facts. We would appreciate your extending the limitation period on your individual return(s) by signing all copies of the enclosed Form 872-A and returning them within 10 days from the date of this letter. A self-addressed envleope [sic] is enclosed for your convenience. Upon acceptance of the consents, we will return a copy for your records. By extending the limitation period, you will have additional time to present your views at conference should we propose any adjustment to which you do not agree. Thank you for your consideration. Sincerely, Delores Featherstone Chief, Planning & Special Program Charleston Park of Houston, LTD.
Tax return(s) currently under audit Petitioners received, in the same envelope as the transmittal letter, a Special Consent to Extend the Time to Assess Tax, Form 872-A, for: The amount(s) of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1981 may be assessed on or before the 90th (ninetieth) day *220 after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); * * * The Form 872-A did not contain any restrictions as to time of assessment, other than the methods herein stated, or limitations as to the scope of assessment to items on petitioners' 1981 Federal income tax return. Petitioner did not consult a certified public accountant or legal counsel as to the effect of signing the Form 872-A. He did, however, speak to a business partner who had also received a Form 872-A relating to the same audit. Petitioner's business partner advised petitioner to sign the form, as he had. Although the business partner had placed restrictions on his Form 872-A, he neglected to tell petitioner to restrict his Form 872-A to Charleston Park. On December 20, 1984, petitioners executed the Form 872-A and on December 27, 1984, respondent executed the same Form 872-A. Petitioner believed from the transmittal letter *221 that respondent was auditing only Charleston Park. Therefore, when he executed the Form 872-A, he believed that there was the possibility of some changes that might affect his 1981 return concerning Charleston Park. Consequently, he believed that respondent wanted to extend the statute of limitations only as to Charleston Park. Petitioner did not believe that he was opening up the statute of limitations with respect to his entire return when he signed the Form 872-A. Respondent, on the other hand, intended that execution of the Form 872-A, unambiguous and unrestricted on its face, would open up petitioners' entire 1981 return. Neither petitioners nor respondent have executed a Notice of Termination of Special Consent to Extend Time to Assess Tax, Form 872-T. In 1986 petitioners filed amended returns for 1981 and 1982 with respect to his loss deductions taken on Charleston Park. At that time, he paid additional amounts of tax as well as interest thereon. Because petitioner believed that the taxable year 1981 was closed with respect to DRW Realty VI, on his amended return for 1981 petitioner did not adjust his loss deductions taken on DRW Realty VI for 1981. Petitioner first *222 received notice of proposed examination of DRW Realty VI in November of 1987. In the notice of deficiency dated February 3, 1988, respondent disallowed claimed partnership loss deductions for Charleston Park in the amounts of $ 45,000 for each of the years 1981 and 1982 and for DRW Realty VI in the amount of $ 114,280 for the year 1981. Petitioner contends that the statute of limitations bars assessment of adjustments related to DRW Realty VI for the taxable year 1981. Petitioner argues that the transmittal letter accompanying the Form 872-A restricted the Form 872-A solely to assessments relating to Charleston Park. Respondent, on the other hand, contends that the Form 872-A is unambiguous and unrestricted on its face. Respondent argues that the parties' execution of the Form 872-A constituted an open-ended waiver of the statute of limitations as to the scope of petitioners' 1981 taxable year which respondent accepted. Therefore, respondent argues that the statute of limitations does not bar adjustments to DRW Realty VI as well as Charleston Park for the year 1981. We agree with respondent. Petitioners have made a prima facie case by showing that the notice of deficiency *223 was mailed more than 3 years after their return was filed or due to be filed. Sec. 6501(a) and (b)(1). Under these circumstances, the burden of going forward with evidence shifts to respondent. Robinson v. Commissioner, 57 T.C. 735, 737 (1972). Respondent has satisfied his burden by showing that the parties executed a written consent extending the period of limitations on assessment (sec. 6501(c)(4)), and that the notice of deficiency was mailed within the extended period. Adler v. Commissioner, 85 T.C. 535, 540-541 (1985). It is well settled in this Court that where, as here, the consent is valid on its face and petitioners assert that it is restricted or invalid as to certain issues, petitioners are again charged with the burden of going forward and affirmatively showing the invalidity of the written consent. Schulman v. Commissioner, 93 T.C. 623 (1989); Kronish v. Commissioner, 90 T.C. 684, 692-693 (1988), citing Adler v. Commissioner, supra; Concrete Engineering Co. v. Commissioner, 19 B.T.A. 212 (1930), affd. 58 F.2d 566 (8th Cir. 1932). Petitioners argue, *224 however, that respondent has the burden of going forward because the waiver was originally prepared by respondent; therefore, any ambiguity in the document must be construed against respondent and in favor of petitioners, citing dicta in United States v. Harris Trust and Savings Bank, 390 F.2d 285, 288 (7th Cir. 1968). This dicta is not on point for several reasons. First, aside from the fact that dicta is not controlling, in United States v. Harris Trust and Savings Bank, supra, the taxpayers made an offer of compromise using standard Form 656 along with a transmittal letter delineating a restriction which was subsequently accepted. In this case, however, petitioners' receipt of the Form 872-A and transmittal letter was not an offer from respondent. Petitioners made the offer when they executed the Form 872-A and sent it to respondent who subsequently accepted it. Petitioners' offer did not contain any ambiguity. Second, here, as in United States v. Harris Trust and Savings Bank, supra, no ambiguity exists, although for different reasons. In United States v. Harris Trust and Savings Bank, supra at 287, *225 the Court held that the offer in compromise submitted on standard Form 656 and an attached typewritten document were consistent with each other, not in conflict with each other, or ambiguous. Under circumstances similar to this case, we have held that the Form 872-A is not ambiguous. Schtilman v. Commissioner, supra; Sager v. Commissioner, T.C. Memo. 1988-193. Thus, petitioners are again affirmatively charged with the burden of going forward and proving the invalidity of the written consent. Petitioners offered the October 17, 1984, transmittal letter which indicated an audit of Charleston Park as proof that the parties mutually assented to restrict extension of the statute of limitations to Charleston Park. An agreement to extend the statute of limitations for assessment and collection is not a contract but a waiver of a defense. Stange v. United States, 282 U.S. 270 (1931); Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). Contract principles are significant, however, because section 6501(c)(4) requires a written agreement and we look to the objective manifestations of mutual assent to determine the terms of such *226 agreement. Piarulle v. Commissioner, supra at 1042. Despite petitioners' arguments to the contrary, no objective manifestations of mutual assent to restrict the Form 872-A exist in this case. Instead, the parties' objective manifestation of mutual assent was an open-ended waiver of the statute of limitations as to petitioners' 1981 tax year. When respondent sent petitioners the Form 872-A accompanied by the transmittal letter dated October 17, 1984, respondent was not extending an offer. Looking to contract principles, respondent was merely extending a request to petitioners. The transmittal letter itself states that "upon acceptance of the consents, we will return a copy for your records." Thus, petitioners, on their terms, had to make the offer to extend the statute of limitations which respondent could either accept or reject. An offer occurred when petitioners executed the Form 872-A on December 20, 1984, and returned it to respondent without any restrictions on its face or in an accompanying transmittal letter. Thus, petitioners' offer was an unrestricted, open-ended waiver. Respondent accepted petitioners' offer when he executed the Form 872-A on *227 December 27, 1984, with the understanding that the parties executed an unrestricted, open-ended waiver of the statute of limitations. Therefore, no mutual assent to restrict the Form 872-A existed in this case. Petitioners believed that they executed a Form 872-A restricted to the audit of Charleston Park. However, case law is clear that where taxpayers executed consents in the belief that execution was conditional on some event, we have found that the consent was valid and/or unrestricted unless taxpayers reduced their belief to a writing associated with the consent. See Kronish v. Commissioner, supra; Tallal v. Commissioner, 77 T.C. 1291 (1981), affd. 778 F.2d 2751 (5th Cir. 1985). Where taxpayers reduced their belief to a writing associated with the consent and forwarded it to respondent for execution, we have granted relief from a consent which appeared valid and/or unrestricted on its face. See Windfall Grain Co. v. Commissioner, 23 B.T.A. 725 (1931); Smith v. Commissioner, T.C. Memo. 1989-87; Scheuerman v. Commissioner, T.C. Memo. 1984-160. These cases illustrate that there *228 must be agreement between the parties. In a recent case, Schulman v. Commissioner, supra, we considered whether the statute of limitations barred assessment of tax on certain options transactions under facts similar to this case. In Schulman v. Commissioner , supra, the Commissioner was auditing the taxpayer's 1979 return. In a transmittal letter dated August 2, 1982, accompanying a Form 872-A, an agent of the Commissioner wrote: While considering your Individual Income Tax Return for 1979, we found that the limitation period prescribed by law for assessing additional tax may expire soon. Unfortunately, more time is needed for us to consider the allowability of the losses you deducted with regard to Solar Devices, Inc., a corporation which is currently under audit. I would appreciate your extending the limitation period, with regard to the deduction of this loss by signing all copies of the enclosed Form 872-A * * *. Also enclosed, please find a Document Request, Form 4564, with regard to your 1979 and 1980 returns. I am, at this time, opening your 1980 Return for examination. Please call me at your earliest convenience to arrange *229 a time when I can meet with you to inspect these documents. * * * In Schulman v. Commissioner, supra, the Commissioner did not intend to restrict the Form 872-A in any way. The taxpayer executed the Form 872-A and returned it to the Commissioner without restricting the Form 872-A to Solar Devices, Inc., either on its face or in an accompanying transmittal letter. At trial the taxpayer contended that the statutory period for assessment and collection had expired with respect to the option issue, based on the contention that the consent to extend the assessment period for 1979 was restricted. We held that the Form 872-A was unrestricted, placing primary emphasis on the taxpayer's failure to modify the language of the Form 872-A or to confirm or tie down the Commissioner's alleged offer to restrict upon returning the executed consent. We noted that the taxpayer was aware of the potential of an audit beyond the confines of Solar Devices, Inc., because the transmittal letter opened another year and requested documents for each year. Similarly, where the taxpayer relied upon the Commissioner's letter transmitting the consent to the taxpayer for execution, we *230 held that a mistake as to the extension date in the Commissioner's transmittal letter did not support or justify a variance from the intent reflected by the date on the consent. Marx v. Commissioner, 13 T.C. 1099, 1104-1105 (1949). In Marx v. Commissioner, supra, we found that the Commissioner did not intend to communicate the mistaken date and that there was no agreement between the parties, other than that reflected on the consent. Petitioners attempt to distinguish Marx v. Commissioner, supra, on its facts. Petitioners argue that unlike the taxpayers in Marx v. Commissioner, supra, who were trying to take advantage of an obvious error, petitioners were misled by clear statements in the transmittal letter. However, petitioners should not have been misled by respondent's request that petitioners offer to extend the statute of limitations. The Form 872-A was unrestricted by its terms. In Sager v. Commissioner, supra, we found the consent to be unrestricted even though the Commissioner's transmittal letter contained specific reference to some, but not all, of the issues under consideration *231 by the Commissioner. In Sager v. Commissioner, supra, two separate transmittal letters and consents were sent to the same taxpayer in an attempt to extend the period within which to assess for 1978 and 1979. The 1978 transmittal letter had no specific references to the underlying adjustments or issues under consideration, whereas the 1979 transmittal letter referenced two partnership investments without refrencing a Schedule C loss. The taxpayer in Sager v. Commissioner, supra, was held to the unambiguous, unrestricted language of the consent, and we found, in spite of the transmittal, that the taxpayer was aware that the Commissioner was continuing to examine the Schedule C loss. There was, in fact, no agreement between the parties restricting or limiting the terms of the consent. Petitioners argue that unlike their case, other factors let the taxpayers in Sager v. Commissioner, supra, know that items other than the partnership mentioned in the letter of transmittal would be audited. However, Sager v. Commissioner, supra, is not distinguishable from this case. The critical element of our decision *232 in Sager v. Commissioner, supra, as here, was the execution of an unrestricted Form 872-A, not other factors. When petitioners offered to extend the statute of limitations, they did not restrict their offer to one specific entity of the D.R. Walker partnership group. Having failed to do so, all items on the return for 1981 were subject to the waiver. Respondent, upon execution of the returned Form 872-A, accepted petitioners' offer. The Form 872-A is clear and unambiguous on its face. After examining the objective manifestations of mutual assent, we find that the parties agreed to an unrestricted waiver. Therefore, the period of assessment for petitioners' 1981 tax year remains open to all issues, including DRW Realty VI. For the first time on brief, petitioners argue that respondent is equitably estopped from asserting the validity of the Form 872-A, citing Piarulle v. Commissioner, supra at 1044. It is well settled that issues not raised by the pleadings or at trial but argued for the first time on brief should not be considered. Aero Rental v. Commissioner, 64 T.C. 331, 338 (1975); Greenberg v. Commissioner, 25 T.C. 534, 537 (1955). *233 To reflect the foregoing and the parties' stipulation of settled issues, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable year in question unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on $ 95,067 for 1981 and on $ 19,956 for 1982.↩