OPINION. Black, Judge: It is clear that petitioner’s assignment of error against the Commissioner’s determination of the deficiency, assigned error to the determination of the Commissioner in disallowing the bad debt deduction of $7,000 which petitioner had claimed on his return for 1947. Petitioner, in his statement of facts upon which he relied in support of his assignment of error, stated, among other things, as follows: That there was no corporate banking account created at that time, but the necessary One Thousand Dollars ($1,000.00) was held by him until title time and then that One Thousand Dollars ($1,000.00) plus the sum of Seven Thousand Dollars ($7,000.00) was paid by him to McGill and Green at the closing less some legal charges incurred by McGill at that time. That the One Thousand Dollars ($1,000.00) represented the capital investment and the Seven Thousand Dollars ($7,000.00) was a direct loan to the Corporation payable as soon as they could get hold of the money. * * * Notwithstanding petitioner’s assignment of error and his statement of facts in support thereof, petitioner now argues in his brief that the corporation never owed him any debt at all because there was really no corporation in fact but that Warmont was a mere sham and petitioner was the real owner of the real estate and petitioner suffered his loss on the sale of the real estate in 1947, when it was finally disposed of to Jersey City for $250 by a quitclaim deed from Warmont to Jersey City. Petitioner’s contention relied upon in his brief is stated in the closing part thereof as follows: In the present case, the petitioner, Greenberg, had organized the corporation, never with a business purpose and never with any transactions except the payment for stock and purchase of the property, j Section 23 (a) of the Internal Revenue Code is the prevailing section under which the present case falls. This was a loss by an individual, engaged in the real estate business at the time petitioner purchased the property. The testimony that petitioner was so engaged is uneontradicted by the Respondent. The corporation is a sham and should be ignored and the properties treated as belonging to the petitioner himself. The loss is evident in 1947, and is deductible in full in that year. This contention, it seems to us, is an afterthought by petitioner. It was not raised in any manner by his-assignment of error. As has already been stated, petitioner’s assignment of error, as we construe it, is to the effect that the Commissioner erred in refusing to allow petitioner a $7,000 bad debt deduction which was claimed in his return. Petitioner had no alternative assignment of error in his petition undertaking to raise the issue which he now argues in his brief. Issues which we are called upon to decide in tax cases are those which are raised by the pleadings and not those raised for the first time in briefs. Cf. Cedar Valley Distillery, Inc., 16 T. C. 870. But even if it should be considered that the pleadings are sufficient to raise the issue argued in petitioner’s brief, we would decide against petitioner on such issue. We think the facts show that the $7,000 advanced by petitioner in 1937 to Warmont was a loan and did not represent an investment by petitioner in real estate. It seems clear that petitioner’s debt against Warmont did not become worthless in 1947. The uncontradicted facts show that the corporate charter of Warmont was forfeited in the year 1941 by the State of New Jersey by gubernatorial decree because of its failure to pay taxes. The only property which Warmont owned at the time of the forfeiture of its charter was the real estate which was conveyed to it at the time of its organization in 1937. This real estate was heavily encumbered by taxes which were due Jersey City and there is no evidence whatever that this real estate had any greater fair market value in 1941, the time of the forfeiture of the charter of Warmont, than the tax encumbrances which were against it. In other words, there is nothing to show that Warmont had any equity in the property over and above the taxes due on it at the time its charter was forfeited. The fact that Jersey City paid $250 in 1947 to get a quitclaim deed from Warmont is no evidence that the real estate had any fair market value in 1941, when Warmont’s charter was forfeited, greater than the tax encumbrances which were against it. On the evidence in the record, we hold that petitioner’s debt of $7,000 against'Warmont did not become worthless in 1947. It had become worthless in a year prior thereto. Having decided that petitioner is not entitled to a deduction of $7,000 in 1947 because of the worthlessness of a bad debt against Warmont, it becomes unnecessary to decide respondent’s alternative contentions which were stated in his deficiency notice and reiterated in his brief. Decision will be entered for the respondent.