T.C. Summary Opinion 2016-23

UNITED STATES TAX COURT

JOSEPH D. MOON AND DARSEY C. MOON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11173-14S, 28391-14S.          Filed May 23, 2016.

Steven A. Meyer and Dustin F. Hecker, for petitioners.

Erika B. Cormier, for respondent.

SUMMARY OPINION

PANUTHOS, Chief Special Trial Judge:  These consolidated cases were

heard pursuant to the provisions of section 7463 of the Internal Revenue Code in

effect when the petitions were filed.[1]  Pursuant to section 7463(b), the decisions to

_____

[1]By order dated August 5, 2015, these cases were consolidated.

be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined Federal income tax deficiencies and accuracy-related penalties as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2008 | $25,341 | $5,068.20 |
| 2009 | 877 | -0- |
| 2010 | 8,941 | 1,788.20 |
| 2011 | 12,792 | 2,558.40 |

After concessions, the issues for decision are: (1) whether petitioners were engaged in passive activities with respect to their rental properties in 2008, 2010, and 2011; (2) whether petitioners are entitled to depreciation deductions claimed on Schedules E, Supplemental Income and Loss, for a GMC truck of $8,100, $4,860, and $4,859 for the taxable years 2009, 2010, and 2011, respectively; and

(3) whether petitioners are liable for accuracy-related penalties under section 6662(a) for the taxable years 2008, 2010, and 2011.[2]

## Background

I.      General

Some of the facts have been stipulated, and we incorporate the stipulation of facts by this reference. At the time the timely petitions were filed, petitioners resided in Vermont.

During the years in issue Mr. Moon was a full-time airline pilot for United Parcel Service, Inc. Mrs. Moon (petitioner) was a part-time ski instructor. The parties agree that petitioner worked as a ski instructor for 199.25 hours, 53.25 hours, 90.75 hours, and 96.25 hours during the taxable years 2008, 2009, 2010, and 2011, respectively.

Petitioners owned three rental properties during the years in issue. Petitioners purchased 224 Pond Drive, Stowe, Vermont (Pond Drive), in 2005. Petitioners purchased 2346 Pucker Street, Stowe, Vermont, and 2280 Pucker Street, Stowe, Vermont (Lower Pucker), on a single parcel of real property,

---

[2]The adjustments in the notices of deficiency to claimed itemized deductions, exemptions, the making work pay credit, alternative minimum tax, and the prior year minimum tax credit are computational and will be resolved by the Court's conclusion on other issues.

conveyed by the same deed, in 2007.  All three properties were single-family residences.  Petitioners sold Pond Drive in November 2009.

Petitioner personally oversaw all rental activities and management of the rental properties.  Apart from the occasional assistance petitioner received from Mr. Moon, there is no indication that any other individual assisted in overseeing and managing the rental properties during the years in issue.  In addition to managing the rental properties, petitioner participated extensively in repairs to and renovation of the rental properties.  Petitioner maintained contemporaneous logs of the time that she spent on the rental properties.  When respondent examined the returns, petitioner summarized these logs into activity summaries to support petitioners' claimed deductions.  Petitioner's activity summaries show that she performed services with respect to her rental real estate activities as follows:

| Year | Total hours |
| --- | --- |
| 2008 | 1,002.5 |
| 2009 | 1,227.5 |
| 2010 | 834.5 |
| 2011 | 863.5 |

On Schedules E of their tax returns for the years in issue, petitioners reported income and expenses of each property in separate columns and reported an additional separate column for "General Rental Expenses."  In the notices of

deficiency respondent determined that the claimed loss deductions for the years in issue with respect to petitioner's real estate activities were subject to the passive activity loss limitations under section 469.[3]  Respondent also disallowed petitioners' "General Rental Expenses" deductions for 2008 and 2009.  In addition, respondent determined accuracy-related penalties under section 6662(a) for 2008, 2010, and 2011.  In his amended answer, respondent alleged that petitioners did not substantiate depreciation expenses of $10,708 and $18,257 that they reported as "General Rental Expenses" for the taxable years 2010 and 2011, respectively.

II.    Concessions

In the notices of deficiency respondent took the position that petitioners were engaged in passive activities with respect to their rental properties for 2009.  We treat allegations in respondent's amended answer and statements in his pretrial memorandum as a concession that petitioner's rental real estate activities were not passive for 2009.

In his pretrial memorandum respondent asserted that the hours that petitioner spent on business and tax issues in 2008, 2010, and 2011 were investor

---

[3]Under the passive activity loss limitations, respondent allowed a portion of the claimed loss deduction pursuant to sec. 469(g) for the 2009 taxable year because petitioners disposed of Pond Drive in 2009.

hours and should be excluded from the number of hours that petitioner spent in real property trades or businesses for purposes of determining whether the activities were passive. Respondent also asserted that the hours that petitioner spent on Lower Pucker in 2008 should be excluded because petitioner did not materially participate in Lower Pucker in 2008. Respondent did not present argument on these points in his brief. We conclude that respondent has abandoned these issues. In addition, because respondent did not assert that petitioner failed to materially participate in any other of her real property trades or businesses during any of the years in issue, we treat this omission as a concession that petitioner did materially participate in all of her real property trades or businesses during the years in issue as defined by section 469(h).[4]

In the notices of deficiency respondent disallowed all expense deductions that petitioners claimed in the "General Rental Expenses" column for the 2008 and 2009 taxable years. We treat statements in respondent's amended answer and

---

[4]As discussed below, whether a taxpayer materially participates in a real property trade or business affects the conclusion as to whether the activity is a passive activity in two ways. First, in the test to determine whether the activity is a per se passive activity, the taxpayer may include only hours from real property trade or businesses in which the taxpayer materially participates to reach the more-than-one-half threshold and the 750-hour threshold. Sec. 469(c)(7)(B). Second, if the activity is not a per se passive activity, then the activity is not a passive activity if the taxpayer materially participates in the activity. Sec. 469(c)(1)(B).

pretrial memorandum as a concession that petitioners substantiated their reported

"General Rental Expenses" for 2008 and 2009 with the exception of depreciation

expenses for 2008 and 2009. In his amended answer respondent alleged that

petitioners did not substantiate depreciation expenses of $10,708 and $18,257 that

they reported as "General Rental Expenses" for which they claimed deductions for

the taxable years 2010 and 2011, respectively. In his brief respondent conceded

that petitioners substantiated the depreciation expenses that they reported as

"General Rental Expenses" for all years with the exception of depreciation

expenses for the GMC truck of $8,100, $4,860, and $4,859 for the 2009, 2010, and

2011 taxable years, respectively.

III.  New Arguments

Respondent asserts for the first time in his brief that petitioners failed to

substantiate their depreciation expense for Pond Drive for the taxable year 2008.

We are called upon in tax cases to decide issues which are raised by the pleadings

and not those raised for the first time in briefs. Greenberg v. Commissioner, 25

T.C. 534, 537 (1955). We will not consider this issue.

Respondent asserted for the first time in his brief that the hours that

petitioner spent traveling between her rental properties and her home should not

be included in the total number of hours that petitioner spent in real property

trades or businesses. Respondent did not specify how many hours are in the category that he asserts are related to travel. Neither party provided any evidence on this issue. We follow our well-settled rule that issues raised for the first time on brief will not be considered when doing so would prevent the opposing party from presenting evidence if the issue had been timely raised. Suriel v. Commissioner, 141 T.C. 507, 532 (2013).

## Discussion

I.    Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer has the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege or otherwise show that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioners bear the burden of proof on the issues raised in the notices of deficiency. See Rule 142(a).

The burden of proof is on the Commissioner where he raises a new issue in his pleadings. See id. Respondent first raised in his amended answer the issue of whether the depreciation expense deductions that petitioners claimed as "General

Rental Expenses" for the taxable years 2010 and 2011 should be disallowed.[5]  In addition, in his pretrial memorandum respondent conceded that he bears the burden of proof as to the disputed depreciation expense deductions for all years in issue, including 2009.  Therefore, respondent bears the burden of proof with respect to this issue.

II.    Passive Activity Loss

Section 469(a) generally disallows for the taxable year any passive activity loss.  A passive activity loss is the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year.  Sec. 469(d)(1).  A passive activity is any trade or business in which the taxpayer does not materially participate.  Sec. 469(c)(1).

Rental activity is generally treated as per se passive regardless of whether the taxpayer materially participates.  Sec. 469(c)(2).  However, the rental activity of a taxpayer is not treated as per se passive if the taxpayer satisfies the requirements of section 469(c)(7)(B).  Sec. 469(c)(7)(A)(i).  A taxpayer meets the requirements of section 469(c)(7)(B) if he or she establishes the following:

_____

[5]As mentioned above, in his brief respondent conceded that petitioners had substantiated their "General Rental Expenses" for depreciation for 2010 and 2011 with the exception of $4,860 and $4,859 that petitioners deducted as depreciation for their GMC truck for the 2010 and 2011 taxable years, respectively.

         (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

         (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

In the case of a joint return, the requirements of the preceding sentence are satisfied if and only if either spouse separately satisfies such requirements. For purposes of the preceding sentence, activities in which a spouse materially participates shall be determined under subsection (h).

According to her activity summaries, petitioner satisfies the requirements of section 469(c)(7)(B)(i). Respondent conceded that petitioner materially participated in all of her real property trades or businesses during the years in issue. Petitioner's activity summaries indicate that she performed more than 750 hours of personal services in real property trades or businesses in which she materially participated in each year. The parties agreed that petitioner worked less than 200 hours each year as a ski instructor. Therefore, more than one-half of the personal services that petitioner performed in trades or businesses during the taxable years were performed in real property trades or businesses in which she materially participated.

According to her activity summaries, petitioner satisfies the requirements of section 469(c)(7)(B)(ii).  Petitioner's activity summaries indicate that she performed more than 750 hours of services during 2008, 2010, and 2011 in real property trades or businesses in which she materially participated.

Respondent asserts that petitioner's activity summaries are not reliable because the logs that they are based on were not prepared contemporaneously and petitioner overstated the time that she spent on the real estate activities in these logs.  On the basis of our review of the logs and petitioner's credible testimony, we conclude that the logs were prepared contemporaneously and the time in the logs is not overstated.

We conclude that petitioner satisfies the requirements of section 469(c)(7)(B) and her rental property trades or businesses are not per se passive.  Since these activities are not per se passive, they are not passive if petitioner materially participated in them.  See sec. 469(c)(1).  As discussed above, respondent conceded that petitioner materially participated in all of her rental real property trades or businesses during the years in issue.  Accordingly, petitioner's rental real property trades or businesses were not passive activities for the years in issue.

III.    Depreciation Expenses

A taxpayer is required to maintain records sufficient to substantiate expenses underlying deductions claimed on a Federal income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  Passenger automobiles and any other property used as a means of transportation are "listed property" under section 280F(d)(4).  Section 274(d) disallows any deduction with respect to listed property unless the taxpayer adequately substantiates:  (1) the amount of the underlying expense, (2) the time and place of travel or use of the property, (3) the business purpose of the expense, and (4) the business relationship of the persons using the property.

Petitioners did not provide a mileage log for the GMC truck.  In addition, Mr. Moon testified that petitioner did not like driving the truck and he would park the GMC truck at the airport for up to two weeks at a time while he traveled for work.  Therefore, we conclude that petitioner failed to substantiate the expenses relating to the truck.

We must also consider that respondent bears the burden of proof on this issue.  The usual measure of persuasion required to prove a fact in the Tax Court is preponderance of the evidence, which means that the proponent must prove that the fact is more probable than not.  McMillan v. Commissioner, T.C. Memo. 2015-

109. A taxpayer's failure to substantiate expenses ordinarily is not equivalent to the Commissioner's meeting his burden of proof. Hardesty v. Commissioner, T.C. Memo. 1993-225. In Hardesty, the Commissioner carried his burden of proving an underpayment by clear and convincing evidence when the taxpayer failed to comply with the substantiation requirements of section 274(d). Id. In this case, respondent has the lesser burden of proving that petitioners are not entitled to the deductions by the preponderance of the evidence. Therefore, because petitioners did not comply with the substantiation requirements of section 274(d), we conclude that respondent carried his burden of proving that petitioners are not entitled to deductions for the depreciation for the GMC truck for 2009, 2010, and 2011.

IV.    Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax. "Negligence" includes any failure to make a reasonable attempt to comply with the Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if the taxpayer proves that there was reasonable cause for such portion and that he acted in good faith with respect thereto. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including: (1) the taxpayer's efforts to assess the proper tax liability; (2) the knowledge and the experience of the taxpayer; and (3) any reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the taxpayer's effort to assess the proper tax liability. Id.

The underpayments of tax required to be shown on petitioners' returns for the 2010 and 2011 taxable years are attributable to negligence for their failure to keep adequate books and records or to substantiate their items properly.[6] Respondent's burden of production has been satisfied. See sec. 7491(c). Accordingly, because respondent has met his burden of production, petitioners must come forward with persuasive evidence that accuracy-related penalties should not be imposed with respect to the underpayments because they acted with

---

[6]Because we conclude that petitioner's real property trades or businesses were not passive activities for all years in issue, petitioners do not have an underpayment of tax for the 2008 taxable year.

reasonable cause and in good faith. See sec. 6664(c)(1); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioners claim that they acted reasonably and in good faith with respect to their positions on their tax returns. Petitioner kept contemporaneous logs of the amount of time that she spent in her real property trades or businesses for the years in issue. However, petitioner failed to produce contemporaneous logs on the use of the GMC truck. Petitioners claimed that the GMC truck was used 100% in petitioner's real property trades or businesses on their returns for the taxable years 2010 and 2011. However, Mr. Moon testified that he used the GMC truck to travel to the airport and would leave it there for up to two weeks at a time when he traveled for work. He also testified that petitioner did not like to drive the truck.

Petitioners claim that they relied on the advice of their tax preparer, Mr. Green. Mr. Green does not have any professional designations or certifications. Mr. Green testified that he increased the percentage use of the GMC truck from 70% in 2008 to 100% in 2009 because a vehicle of that size was necessary to move the new dump trailer and skid steer that petitioner had purchased for her real property trades or businesses. He also testified that he then carried over the 100% use for the real property trades or businesses into subsequent years. In addition,

Mr. Green testified that he never saw or asked for the logs that petitioner kept on her activities in her real property trades or businesses.

The substantiation rules of section 274(d) are well known and are not complex. <u>Chong v. Commissioner</u>, T.C. Memo. 2007-12. Petitioners failed to produce logs to substantiate the depreciation expense that they reported for the GMC truck. Petitioners did not reasonably rely on the advice of Mr. Green when they claimed on their return that the truck was used 100% for petitioner's real estate trades or businesses because they knew that Mr. Moon used the truck to travel to the airport and knew that the GMC truck would sit at the airport for two weeks at a time while he was traveling for work. Respondent's determinations of accuracy-related penalties under section 6662(a) for 2010 and 2011 are sustained with respect to the portions of the underpayments resulting from the disallowed depreciation expense deductions on the GMC truck.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.